## CROSS v. WILSON.

1. JUDGMENTS: *Rendered on constructive notice.*

Sections 4339, 4341, Mansf. Dig., provide that in a suit to enforce a vendor's lien on land sold by the State, where the return upon process issued against the defendant shows that he is dead, or upon other proof thereof, the Clerk shall make and enter on the record an order which shall contain the title of the suit, the amount of the note or bond proceeded upon and a description of the land upon which the lien is sought to be enforced, and shall warn, generally, the heirs and personal representatives of the defendant to appear and make defense thereto on the first day of the next term of the court, commencing more than sixty days from the date of such order. Section 4340 *ib*, requires the order to designate the month and day of the month on which such term of the court will commence, and provides that its publication once in each week for four successive weeks, in an authorized newspaper, as provided by law, shall be equivalent to a personal service. In an action of ejectment the plaintiff claimed title under a decree rendered in a proceeding under said statute, and based, as shown by the record, on a warning order which, after giving the style of the court and title of the cause, is in the following form:

"The defendants, the legal representatives of J. E. B. and of J. N. C., are warned to appear in this court within thirty days and answer the complaint of the plaintiff, the State of Arkansas, for use of school fund.

"D. P. U., Clerk."

HELD: That such order does not state material facts required by the statute, and the decree based on it is therefore void.

2. SAME: *Same: Proof of publication.*

An affidavit stating that a warning order, required to be published once a week for four successive weeks, was published four times in a certain newspaper, naming it, and giving the date of the first and last insertion, but without stating that the newspaper was one authorized by statute to publish legal notices, or that the affiant was its editor, publisher, proprietor or principal accountant, is fatally defective as a proof of publication under Mansf. Dig., section 4599.

APPEAL from *Clark* Circuit Court in Chancery.

R. D. HEARN, Judge.

This was an action of ejectment. The plaintiff claimed title to the land in controversy under a commissioner's deed, executed pursuant to a decree of the Pulaski Chancery Court against Barkman and Candler, foreclosing the State's lien for the purchase money. It appears that the land was sold by

the Common School Commissioner and purchased by Barkman, who gave his note for the purchase money, with Candler as surety. In 1860 a patent was executed to Barkman, reciting the payment of the purchase money. Barkman having died intestate, the land was sold as belonging to his estate under a decree of the Clark Circuit Court, and purchased by the defendant's vendor. The defendant's answer was made a cross-complaint, attacking the decree under which the plaintiff claims for want of jurisdiction, and praying that the commissioner's deed to her be canceled. The cause was transferred to the equity docket, and the judgment was for the defendant. The plaintiff appealed.

The suit against Barkman and Candler, in which the decree relied upon by plaintiff was rendered, was brought under the statute embraced in sections 4332 to 4352 Mansfield's Digest.

Section 4339 provides that in suits brought on notes given for the purchase money of lands sold by the State, "if the return upon the process shows that the defendant is not found in the county in which such land is located, or upon an affidavit of some credible person, that the defendant is a non-resident of the State, the Clerk, * * * upon the application of the Prosecuting Attorney, shall make and enter on the record an order which shall contain the title of the suit, the date and amount of the note or bond proceeded upon, and a description of the land upon which the lien is sought to be enforced, and warn the defendant to appear and make defense thereto on the first day of the next term of such court, that commences more than sixty days from the date of such order."

Sections 4340, 4341 and 4342 are as follows:

Section 4340. The publication of such order once in each week, for four successive weeks, in an authorized newspaper, as provided by law, shall be equivalent to a personal service. *Provided*, That such order shall designate the month and day of the month on which such term of said court will commence.

Section 4341. If the return of the officer upon the process mentioned in the preceding sections shows that the defendant is dead, or upon other proof thereof before such Clerk, said Clerk shall make and enter the order mentioned in the preceding section, except that it shall warn generally "the heirs and personal representatives" of the defendant to appear and make defense thereto, as provided in the preceding sections.

Section 4342. The publication of such order, as provided in the preceding section, shall be equivalent to a personal service. *Provided*, That upon a return of the officer on the process, showing that the defendant is not found in the county in which such land is situated, the Prosecuting Attorney shall file before said Clerk an affidavit to the effect that he has used due diligence, and has not been able to ascertain whether the defendant is dead or alive, the Clerk shall make and enter on the record such order, except that the defendant, if living, or his heirs and legal representatives, if he is dead, are warned to appear, as provided in the preceding section, and, when published as required by said sections, shall be equivalent to a personal service.

Section 4359 of the same Digest provides that "the affidavit of any editor, publisher or proprietor, or the principal accountant of any newspaper authorized by this act to publish legal advertisements, to the effect that a legal advertisement has been published in his paper for the length of time and number of insertions it has been published, with a printed copy of such advertisement appended thereto, subscribed before any officer of this State authorized to administer oaths, shall be the evidence of the publication thereof as therein set forth."

In the suit referred to a summons was issued, to which the Sheriff of Clark County made return, that Barkman was dead, and that Candler did not reside in his county, and from what he could learn was also dead. Thereupon, the following warning order was published:

Cross v. Wilson.

*State of Arkansas, for use of school fund,*     } *Plaintiff,*
    *v.*
*James E. M. Barkman and James R. N. Candler,,* } *Defendants.*

*Pulaski Chancery Court, in Chancery :*

The defendants, the legal representatives of James E. M. Barkman and of James R. N. Candler, are warned to appear in this court within thirty days and answer the complaint of the plaintiff, the State of Arkansas, for use of the school fund.

D. P. UPHAM, *Clerk.*

The proof of publication of the order is in the following form :

*State of Arkansas,* }
*County of Pulaski.* }

I hereby certify that the inclosed advertisement was published four times in the Arkansas Republican, the first of which was on the 5th day of March, and the last on the 26th day of March, 1873.      JOHN G. PRICE.

Sworn to, etc.

Indorsed, "Filed June 9, 1873."

*J. L. Witherspoon,* for appellant.

The Pulaski Chancery Court had jurisdiction, and even if the warning order was defective, it was only an irregularity to be corrected by appeal, or by direct proceeding. It cannot be attacked collaterally, being voidable only. *2 S. W. Rep.,* 103; *11 Ark., 519; Boyd v. Roane, 49 Ark., 397; Freeman on Judg., sec. 124; 6 S. W. Rep., Jan. 14, 1888; 40 Ark., 42; 2 Ohio St.,. 279; 13 id., 432; notes to 6 S. W. Rep., 733.*

Plaintiff was an innocent purchaser, and protected by the commissioner's deed, and confirmation. *40 Ark., 42; 3 S. W. Rep., 550; 19 Am. Rep., 442; 27 id., 746; 12 id., 76.*

*Crawford & Crawford,* for appellee.

The warning order was fatally defective. *Mansf. Dig., secs. 4332, 4352; 30 Ark., 719.* The whole proceedings were a nullity and can be attacked collaterally. *51 Ark., 34; Freeman on Judgments, sec. 117.*

Johnson v. Campbell.

WARNING
ORDER.

PER CURIAM: The record of the cause in which the decree relied upon as the foundation of the appellant's title, was rendered, shows that it was based upon a warning order which does not state material facts required by the statute, and that proof of its publication is fatally defective. The decree was therefore void. Affirm.