GALLAGHER v. JOHNSON (two cases).

Opinion filed March 5, 1898.

1. OVERDUE TAX SUIT—PROOF OF PUBLICATION OF NOTICE.—The overdue
   tax act of March 12, 1881, having provided that a notice of the pen-
   dency of overdue tax suits should be published, without regulating the
   manner of making proof of such publication, such proof is regulated by
   Mansf. Dig., §§ 4356, 4359, which relate generally to the publication of
   legal notices.   (Page 93.)

2. PROOF OF PUBLICATION—SUFFICIENCY.—An affidavit of publication of a
   legal notice which fails to state that the paper in which the notice was
   published was "a newspaper printed in the county having a *bona fide*
   circulation therein for the period of one month next before the date of
   the first publication" of such notice is fatally defective, under Mansf.
   Dig., § 4356.   (Page 95.)

3. OVERDUE TAX SALE—VALIDITY.—A sale of land in an overdue tax suit
   is void where the proof of publication of the warning order failed to
   show a compliance with the requirements of the statute governing the
   publication of legal notices.   (Page 95.)

4. ADVERSE POSSESSION—REVERSION.—During the lifetime of a tenant for
   life, real estate cannot be held adversely to the reversioners.   (Page
   96.)

Appeals from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

*H. A. & J. R. Parker*, for appellants:

The proceedings in the overdue tax sale are void, because:
(1) The warning order and *pro confesso* decree are at variance
as to the year for which the taxes on the north forty acres are
alleged to be in default.   56 Ark. 419; 55 Ark. 30; Acts Ark.
1881, p. 65, §§ 2 and 3.   The rates for the two years men-
tioned are different, and of this fact the court takes judicial
knowledge.   Acts 1877, p. 45; Acts 1875, Adj. Sess. p. 18;
23 Ark. 387; Hempstead, 563.   (2) The proof of publication
is defective and insufficient.   51 Ark. 34; Mansf. Dig., § 4356;
10 Fed. 891.   This statute, being in derogation of common
law, must be strictly followed.   27 Ala. 391; 1 Mich. 19; 27
Cal. 295; 51 Ark. 34; 10 Fed. 891; 40 S. W. (Ark.) 786; 59

Ark. 483; 55 Ark. 627; 61 Ark. 50; 55 Ark. 30; 52 Ark. 312. As to when variance from statute in notice of sale renders sale void, see: 139 U. S. 137; 30 Ark. 739; Cooley on Taxation, 335; Rorer on Judicial Sales, § 99; Freeman, Void Jud. Sales, § 19; 55 Ark. 213. Appellee derives his title from a life tenant; hence he is bound by the default and forfeiture of such life tenant. Manfs. Dig., § 5809. Nor is appellee's possession adverse to the remaindermen. 58 Ark. 510; 35 Ark. 84; 39 *ib.* 165; 43 *ib.* 427. Appellee derives title from the agent of the life tenant, who had purchased the land at a tax sale. Such agent could only hold the title as trustee for his principal. Mechem, Agency, §§ 821-2, 833; 57 Ark. 563. Appellee, by taking the private deed of the agent, is estopped to rely on the tax title. 44 Ark. 153; 7 Ind. 107; Herman, Estoppel, § 866. There could be no default for anything except what is in the complaint, and the complaint must show jurisdiction. 32 Ark. 445; 56 Ark. 419; Freeman, Judg. § 538–9; Black, Judg. § 84. If the order or decree is wrong, no confirmation can cure it. 91 Am. Dec. 621.

*M. J. Manning* and *J. P. Lee*, for appellee.

Confirmation of the report of the commissioner in the overdue tax proceeding adjudicates all objections to the sale and proceedings thereunder, in favor of the validity thereof. Acts 1881, p. 70, § 15. The *bona fide* purchaser is entitled to protection. 57 Ark. 428; 49 Ark. 216; 56 Ark. 553. The decree can not be assailed collaterally, if final and rendered by a court having jurisdiction. 55 Ark. 41; 50 Ark. 188. The decision is to the statute of limitations, made in the other case (3258), should be adhered to in all subsequent stages of this same case. 47 Ark. 362; Herman, Est. § 111, and cases. The title of appellants was barred by the statute of limitations. 34 Ark. 534; *ib.* 547; 48 Ark. 312; 49 Ark. 266; 50 Ark. 68; 59 Ark. 460; 58 Ark. 151; 53 Ark. 418.

BUNN, C. J. This (3259) is a suit in ejectment to recover the E. ½ of N.W. ¼ of section 34, T. 1 S., R. 2 W., in Monroe county, alleged to be wrongfully held by the defendant for one year next past, and damages in the sum of $——— for unlawful detention. The cause was determined in favor of

defendants, and plaintiff appealed. (The two cases are heard together, as they involve in part the same questions.)

It appears that Ambrose Gallagher, the son of Patrick Gallagher, and the brother of appellants James Gallagher and Mollie Wall, and uncle of appellant Kate Wall, and brother also of Augustus Gallagher (who is not a party to this suit), died in 1873, without issue, unmarried, and intestate, and owning the land in controversy. On the death of Ambrose Gallagher, as stated, the father, Patrick Gallagher, by operation of our statute of descents and distribution, became the owner of a life estate in the lands in controversy, and, as such life tenant, took possession of the same. In 1882 an overdue tax suit, involving the lands in controversy, was instituted in the circuit court of Monroe county, on the equity side of the docket, and final decree was rendered in this proceeding, under which the lands in controversy were sold by the commissioner of that court, on the 21st March, 1884, and one Parker C. Ewan became the purchaser thereof, and received his certificate as such, which in April following he assigned and transferred to the defendant, Joseph Johnson. The averments of the overdue tax bill, among others, were to the effect that the lands in controversy had been forfeited to the state for the nonpayment of the taxes of 1877, when in truth and in fact the forfeiture of one of the two 40-acre tracts was for the nonpayment of the taxes of that year, but the forfeiture of the other 40-acre tract was for the nonpayment of the taxes of 1875, and it is alleged and not denied that the rate of taxation for the year 1875 was somewhat greater than for the year 1877.

On the 19th of January, 1885, Patrick Gallagher, by quitclaim deed, sold his interest in the lands to one Montgomery, and the latter sold his interest thus acquired to said Parker C. Ewan on the 28th January, 1885, by quitclaim deed; and on the 21st April, 1891, Ewan bargained and sold to defendant, Johnson, for the consideration of $250, his interest in the lands, and on the 15th day of December following made him a quitclaim deed accordingly.

In the meantime defendant, Johnson, as we infer (for the date is not stated), after the two years time for redemption had

expired, went into possession under his certificate of purchase at overdue tax sale, assigned to him by Ewan as aforesaid, and had continued to hold possession up to the determination of this suit in the court below, and presumably still is in possession. He avers his possession to be adverse to the plaintiffs, setting up the several periods of peaceable and adverse possession, of two, five and seven years, as defenses, as well as his title acquired by purchase as aforesaid.

The contentions of plaintiffs were: That Ewan was the agent of both Patrick Gallagher, the life tenant, and of Kate Wall, one of the reversioners and plaintiffs, at the time of the overdue tax purchase, and therefore could not lawfully purchase in opposition to either; that, Ewan having purchased the life tenancy of Patrick Gallagher before the expiration of the period of redemption from the overdue tax sale, he then stood in the place of Patrick Gallagher, and that, occupying this attitude, it was his duty to redeem the lands, under the statute; that the overdue tax sale was null and void, because there was no sufficient proof of publication of the notice of the pendency of the bill, in this, that the affiant failed to state that his paper, in which said notice was published, was a paper of *bona fide* circulation in the county for the period of one month next before the first insertion of said notice therein; that said overdue tax proceedings were null and void also because the complaint stated that the lands had been forfeited to the state for the nonpayment of the taxes of 1877, when the decree of forfeiture and sale was partly for the forfeiture of that year and partly for the year 1875 as stated.

The statute providing for the publication of the notice of the pendency of the action in overdue tax proceedings reads as follows, to-wit: "The clerk of said court shall at once (after making and entering of record the order of publication) cause a copy of said order to be published for two insertions in some newspaper published in the county; and if there is no newspaper published in the county, he shall cause a copy of said order to be posted at the door of the court house of the county, or of the room in which the court is held; and such publication shall be taken to be notice to all the world of the contents of the complaint, filed as aforesaid, and of the proceedings had

under it." This act was part of the overdue tax act approved March 12, 1881. Nothing is said in the act as to the manner of making proof of this publication.

The act regulating generally the publication of legal notices in newspapers and the proof of such publication, which was in force at the time, is contained in Mansfield's Digest, sections 4356 to 4363 inclusive, and, so far as material in this discussion, is contained in sections 4356 and 4359, which read as follows, to-wit:

"4356. When a legal publication of any character is required by existing or future laws, or the order of any court, or the provisions of any deed of trust, mortgage or other agreement, or by any state, county, district, township or municipal officer, to be made by advertisement in a newspaper printed in this state, it shall be published in some daily or weekly newspaper printed in the county where the suit or proceeding is pending or where the land, property or subject of the proceeding or publication is situated. Provided, there be any newspaper printed in the county having a *bona fide* circulation therein, which shall have been regularly published in said county for the period of one month next before the date of the first publication of said advertisement."

"4359. The affidavit of any editor, publisher or proprietor, or the principal accountant of any newspaper authorized by this act to publish legal advertisements, to the effect that a legal advertisement has been published in his paper for the length of time and number of insertions it has been published, with a printed copy of such advertisement appended thereto, subscribed before any officer of this state authorized to administer oaths, shall be the evidence of the publication thereof as therein set forth." * * * *

It will be observed that the provisions of these sections, which were approved February 15, 1875, are in no wise repealed, modified or changed by the provisions of the overdue tax act, except in the matter of publication when there is no newspaper in the county, and also that, as has been stated, the latter act does not purport to regulate the manner of making proof of publication. We therefore conclude that the proof of publication of the notice of the pendency of the overdue tax

proceeding should have been made in accordance with the requirements of the general statute on the subject, which in terms is an act regulating the publication of legal notices required to be published under existing laws, and also under future laws.

This being settled, it remains for us to ascertain if the proof of publication in this instance was sufficient to give the court jurisdiction in the overdue tax proceeding. In *Lusk* v. *Perkins*, 48 Ark. 238, it was held by this court that "no presumption can be indulged in favor of the legality of the notice of an order of the county court for calling in county warrants. It is an order which seeks to conclude the rights of the parties by publication or constructive service, and a strict compliance with the requirements of the statute must be shown." That was a case of calling in county warrants for reissue or cancellation under a special statute enacted for that purpose; but the case is not essentially different in principle from the one now under consideration, for the order in this case and the decree to follow constitute a proceeding which seeks to conclude the owner in respect to the forfeiture and sale of his lands for the nonpayment of taxes. See, also, *Clark* v. *Strong*, 13 Ark. 491.

In *Gibney* v. *Crawford*, 51 Ark. 34, it was held by this court that the proof of publication was insufficient where it failed to show, among other things, that the newspaper in which the notice had been published had a *bona fide* circulation in the county, and had been published in the county one month next preceding the first insertion, and that "the statutes regulating the publication of legal advertisements obviously intended that this fact should be sworn to in the affidavit required to be made. Proof of them is a necessary part of proof of publication. Without it any affidavit made would be a nullity, and fail to be the evidence the statutes declare it shall be. It was held by this court in *Cross* v. *Wilson*, 52 Ark. 312, as expressed in the syllabus, that where the affidavit failed to state the facts which constituted the newspaper a paper in which legal notices can be published, it is fatally defective. Upon these authorities, we hold that the overdue tax sale to Ewan was null and void, the court not having acquired juris-

diction to decree the same. This leaves only the question of adverse possession of the defendant to be disposed of.

Having eliminated the overdue tax sale from the case, any adverse holding under any other title, color of title, or by mere possession, can be effectual only against the life tenant entitled to the possession; for until his death the reversioner have no right of action, and until then the statutes of limitation do not begin to run against them; and this suit was instituted soon after the death of the life tenant, Patrick Gallagher. This makes it unnecessary to dispose of the other questions raised by appellants.

Case No. 3258 is an equity case, to require the making of the overdue tax deed on the certificate of purchase assigned to defendant by Ewan as aforesaid, the same shown to have been lost. Deed decreed, and appeal therefrom taken by appellants. This deed falls within the decision herein annulling the overdue tax proceeding and sale.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the opinion herein.

BATTLE, J., not participating.

---

NOTE BY THE REPORTER.—The opinion of the court, in so far as it holds that there is no presumption of jurisdiction in favor of a decree of the chancery court in an overdue tax suit, seems to be open to criticism. It disregards the rule which the legislature has expressly provided in such case (Act approved March 12, 1881, § 18), and is in conflict with *Applegate* v. *Lexington, etc., Mining Co.*, 117 U. S. 255. See, also, *Hanger* v. *Barlow*, 39 Iowa, 539.