JAMES W. FAXON vs. MARY H. FAXON & others.

Suffolk.　January 27, 1899. — November 27, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Petition for Partition — Will — Estate depending upon the happening of a
Contingency.*

A testator provided by will as follows: "4. It is my will . . . that my daughter
M. shall have the right to the use and occupation of the house and land [de-
scribed] during the term of two years after my decease, or for such longer
period as the house remains unsold (and of course during her life if she shall
live so long), provided the same can be done without detriment to the estate
and without causing a depreciation in the saleable value of the property, my
said daughter paying the taxes and keeping the premises in good repair and
condition, and allowing any purchaser the right to examine the premises and
house. 5. I . . . appoint G. . . . executor, . . . and I grant him power to sell
and dispose of my real estate for purposes of distribution or for any other pur-
pose, with full power to use his discretion as to the time and place of sale, and
whether the same shall be public or private, provided that he shall as far as
possible carry out my wishes as expressed in item fourth, and provided that
the expressed wish of three out of four of my heirs shall be sufficient to warrant
him in making a sale at any time, subject, of course, to any provision in item
fourth so far as the same can be observed." By the second clause of the will
the testator gave this estate, subject to the above provisions, to his four chil-
dren, M., H., A., and J. *Held*, on a petition for partition by J., that M. had an
estate for life, terminable upon the happening of a contingency, viz., a sale by
the executor under the power, and the estate not having been terminated, par-
tition would not lie.

PETITION for partition of certain land in Boston. Hearing
before *Stevens*, J., who dismissed the petition; and the petitioner
alleged exceptions, which appear in the opinion.

The case was argued at the bar in January, 1899, and after-
wards was submitted on briefs to all the justices.

*A. H. Latham*, for the petitioner.

*F. A. Fernald*, for the respondents.

KNOWLTON, J.　The only question raised by this bill of ex-
ceptions is whether the petitioner has an estate in possession in
the real estate described in the petition, so that he can have
partition against the respondent, Mary H. Faxon. Both parties
claim under the will of their mother Adeline Faxon, a part of

which is as follows: "Fourth: It is my will and wish that my daughter Mary H. Faxon shall have the right to the use and occupation of the house and land corner of Fifth and Q Streets during the term of two years after my decease, or for such longer period as the house remains unsold (and of course during her life if she shall live so long), provided the same can be done without detriment to the estate and without causing a depreciation in the saleable value of the property, my said daughter paying the taxes and keeping the premises in good repair and condition, and allowing any purchaser the right to examine the premises and house. Fifth: I nominate and appoint George W. Bail of Boston to be executor of my will, and I direct that he furnish only his personal bond as such, and I grant him power to sell and dispose of my real estate for purposes of distribution or for any other purpose, with full power to use his discretion as to the time and place of sale, and whether the same shall be public or private, provided that he shall as far as possible carry out my wishes as expressed in item fourth, and provided that the expressed wish of three out of four of my heirs shall be sufficient to warrant him in making a sale at any time, subject, of course, to any provision in item fourth so far as the same can be observed." The property of which partition is prayed for is the house and land described in the fourth clause of the will. There has been no sale of it, nor any expression of a wish by three out of four of the heirs that there should be a sale. The petitioner claims under the second clause of the will, which gives this estate to the four children of the testatrix, subject to the later provisions of the will above quoted.

These provisions are so involved and unusual as to leave their meaning obscure and uncertain. We construe the will as follows: The testatrix intended that the provision for her daughter Mary H. Faxon should be deemed of paramount importance, if this daughter's title could be continued "without detriment to the estate and without causing a depreciation in the saleable value of the property." In the fifth clause, as well as the fourth, her desire that Mary H. Faxon should be left in undisturbed possession is emphasized. In the second clause the title of the other children is expressly made subject to this provision for

Mary.  To the executor Bail is given a power of sale, to be exercised or not as in his discretion he should deem best for the purpose of carrying out the wishes of the testatrix.  The concurrence of three of the four heirs in the expression of a wish for a sale will be merely advisory, and neither compulsory upon the executor nor necessary to enable him to make a valid sale. The stipulation in the fourth clause that Mary shall pay the taxes and keep the premises in good repair indicates that her estate is expected to continue for a considerable time, and as a requirement it is in accordance with the ordinary duty of a life tenant.  The words " use and occupation " properly state the nature of the enjoyment of property by a tenant for life.  The term of this daughter is to continue for two years and longer, if not to the end of her life, provided she can hold without detriment to the estate and without causing a depreciation in the saleable value of the property.  Whether the conditions prescribed require the termination of her estate in her lifetime is to be decided by the executor in the exercise of his discretion. The words " remains unsold" mean unsold by him under the power given by the will.  Mary's estate is to continue for her life, unless it is terminated by a sale by the executor under the power.  In short, she has an estate for life, terminable upon the happening of a contingency.  This estate has not been terminated, and the ruling of the judge was correct.  See *Wilmarth* v. *Bridges*, 113 Mass. 407; *Plympton* v. *Boston Dispensary*, 106 Mass. 544, 548.                    *Exceptions overruled.*