## HAYDEN *v.* HILL.

### Opinion delivered April 2, 1917.

1. TITLE—RECOVERY OF LANDS—LIMITATIONS—RIGHT OF REMAINDERMAN.—Although Kirby's Digest, § 2745, provides that in order for a plaintiff to recover land it shall be sufficient to show that at the commencement of the action the defendant was in possession, the right of entry, and therefore the right of action to secure possession, does not accrue to the remainderman, within the statute of limitations, until the death of the owner of the particular estate, here a doweress, to whom the dower had been assigned.

2. REMAINDERS—LIMITATIONS.—The remainderman alone can protect possession prior to the assignment of dower; and as the remainderman is entitled to immediate possession, the statute will begin to run against him.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Moore, Vineyard & Satterfield,* for appellants.

1. The court erred in declaring the law to be that the cause of action did not accrue until after the death of the widow, Rebecca T. Williams, in 1913, and that the possession of John Hayden was not adverse until the death of said widow; and further erred in refusing to declare that limitation began to run from the time defendant entered into possession in 1896. The cause of action was barred. Kirby's Digest, § § 5056, 2745; 16 Cyc. 659; 93 Ark. 392; 94 *Id.* 306; 105 *Id.* 646; 111 *Id.* 305; 67 *Id.* 84, 95-6; 51 *Id.* 235.

2. Actual notice is not necessary where there are actual overt and notorious acts of exclusive and adverse ownership. 90 Am. Dec. 451; 59 Pac. 257; 1 Cyc. 1073.

*H. R. Boyd* of Memphis and *Bevens & Mundt,* for appellees.

1. The statute did not commence to run until the termination of the life estate. 126 Ark. 1; 117 Ark. 366; 116 *Id.* 233; 115 *Id.* 359; 53 *Id.* 403; 9 Mass. 508; 1 Pick.

318; 6 Cush. 34; 10 Pick. 359; 15 Mass. 471; 69 Ark. 539; 97 *Id.* 33; 60 *Id.* 74; 58 *Id.* 512; 35 *Id.* 84.

2.　The reversioners had no notice.　2 Wend. 357; 15 Mass. 471; 5 Cow. 96; 15 Am. Dec. 433; 55 N. Y. 446; 13 Barb. 147.

3.　Until the termination of the precedent estate, no possession is adverse to the remainderman.　120 N. Y. 267; 96 N. C. 164; 130 Ill. 525; 65 Ark. 90.　The *Organ case,* 67 Ark. 84, is not in point.　51 Ark. 591; *Ib.* 235; 69 *Id.* 104; 87 *Id.* 117.

The reversioners were not barred.

Humphreys, J.　Appellees brought ejectment in the Phillips County Circuit Court on the 30th day of August, 1915, against appellant, to recover possession of the following described real estate in the county of Phillips and State of Arkansas, towit:

Begin 2.64 chains west of southeast corner of section 27, township 3 south, range 3 east, Phillips County, Arkansas; thence south 89¾ degrees west, 31.05 chains; thence north 50 degrees west, 3.42 chains; thence north 71¾ degrees east, 4.79 chains; thence south 87½ degrees east, 4.18 chains; thence south 70 degrees east, 4.91 chains; thence north 54½ degrees east, 2.51 chains; thence north 1¾ degrees east, 4.40 chains; thence north 12¼ degrees east, 3.49 chains; thence north 8¾ degrees east, 4.08 chains; thence south 84¼ degrees east, 1.10 chains; thence south 57¾ degrees east, 5.41 chains; thence south 54½ degrees east, 3.93 chains; thence south 57¼ degrees east, 4.51 chains; thence south 47¾ degrees east, 4.44 chains; thence south 51 degrees east, 2.59 chains; thence south 22½ degrees west, 2.96 chains to place of beginning, enclosing 22.98 acres in south part of southeast quarter of section 27, 3 south, 3 east, which is a part of the south half, southeast quarter of section 27, township 3 south, range 3 east.

The case was tried upon the complaint, answer and amendment to the answer, and an agreed statement of facts.　The trial judge, sitting as a jury, found for ap-

pellee and rendered judgment accordingly. From that judgment this appeal is prosecuted.

Appellees are the record owners of the said real estate, subject to the dower of Rebecca T. Williams. This entire tract was assigned to her in 1880 as a part of her dower interest in the lands of her husband, who died on the ............... day of November, 1879. The appellee, John Hayden, entered into possession of said lands in 1896, and has held such possession continuously since that time. On the ............... day of October, 1913, Rebecca T. Williams died. The possession of appellee from the time he went into possession down to the time of Rebecca T. Williams' death was adverse to the possession of said Rebecca T. Williams. His possession during all this time was actual, exclusive, peaceable, adverse, continuous, hostile, open and notorious, but appellees nor any one in the chain of their title had knowledge that appellant was in possession, claiming title thereto, and appellees had paid taxes thereon for more than thirty years. The rental value of the land for the years 1914 and 1915 was $200.

It is contended by appellant that the statute of limitations began to run against appellees when appellant took possession of said lands in 1896. Appellees contend that the statute of limitations did not begin to run against them until the death of the life tenant, Rebecca T. Williams.

Section 5056 of Kirby's Digest prohibits any one from maintaining a suit for the recovery of lands seven years after the right of action accrued, with a saving clause in favor of infants, *femme coverts*, and persons *non compos mentis*.

Appellees are remaindermen, hence the only question presented to this court for determination by this appeal is, When does the right of action to recover possession of lands accrue to reversioners and remaindermen?

The general rule that the right to bring suit accrues to remaindermen upon the death of the life tenant is

conceded by learned counsel for appellant, but they insist that this case comes within an exception to the general rule, that the remainderman's cause of action accrues before the death of the life tenant if he is expressly authorized by statute to bring suit during the period of life-tenancy. In support of such right in remaindermen, section 2745 of Kirby's Digest is cited. The section is as follows:

"To entitle the plaintiff to recover, it shall be sufficient for him to show that at the time of the commencement of the action the defendant was in possession of the premises claimed, and that the plaintiff had title thereto, or had the right to the possession thereof."

The statute referred to is not a statute of limitations. It is a practice act, and has reference to the sufficiency of the evidence in the trial of causes. Even if it were a statute of limitations, it could have reference only to present and not postponed titles.

(1) This court has held in a long line of cases that the right of entry, and therefore the right of action, does not accrue to the remainderman or reversioner, until the death of the owner of the particular estate. *Banks et al.* v. *Green et al.,* 35 Ark. 84; *Kessinger* v. *Wilson,* 53 Ark. 400; *Moore* v. *Childress,* 58 Ark. 510; *Ogden* v. *Ogden,* 60 Ark. 70; *Gallagher* v. *Johnson,* 65 Ark. 90; *Morrow* v. *James,* 69 Ark. 539; *Watson* v. *Hardin,* 97 Ark. 33; *Martin* v. *Conner,* 115 Ark. 359; *Rogers* v. *Ogburn,* 116 Ark. 233; *LeSieur* v. *Spikes,* 117 Ark. 366; *Neely* v. *Martin,* 126 Ark. 1.

It is true, as argued by counsel, that in many of these cases, the claimant, through adverse holding, had obtained possession by contract with the life tenant. The principle, however, is the same. It is based on the same reasoning, that is to say, the remainderman or reversioner has a right to attribute the holding to some character of contract with the life tenant. Until the death of the life tenant, no duty in law is imposed on a remainderman to inquire from the party in possession

whether he is a disseisor. During the life tenancy he has a right to treat the occupant of the land as a licensee. In the instant case, it is conceded that appellees did not know the appellant was in possession of the real estate.

It is contended that the rule has been abridged by this court in the cases of *Crowder* v. *Fordyce Lumber Co.,* 93 Ark. 392, and *King* v. *Booth,* 94 Ark. 306. Not so, for those were cases clearly within a well known exception to the rule. They involve the question of injury and damage to the reversionary or remainder interest in the real estate or to the freehold. The remainderman or reversioner in those cases was directly and necessarily injured in his estate for which he was entitled to immediate compensation.

(2) Our attention has been called to the cases of *Fletcher* v. *Josephs,* 105 Ark. 646, and *Brinkley* v. *Taylor,* 111 Ark. 305, as cases favorable to the contention that the remainderman's right of action against one in possession claiming title may accrue before the death of the life tenant. These are dissimilar cases from the instant case, because they deal with unassigned dower interest in lands. Until dower is assigned, the heirs have a right to possession and a right to maintain an action therefor. Unassigned dower is only an inchoate right in real estate, or, as was aptly said in *Fletcher* v. *Josephs, supra,* "a mere thing in action." The doweress or life tenant can not maintain a suit in ejectment against a third party claiming possession of real estate until dower is assigned, hence the possession can be protected by a remainderman alone, and the remainderman being entitled to the immediate possession, the statute of limitations would begin to run against him.

In the instant case, appellant did not take possession until after dower in the land in question had been assigned to Rebecca T. Williams.

No error appearing in the record, the judgment is affirmed.