FRAZIER *v.* HANES.

4-9811                                    249 S. W. 2d 842

Opinion delivered June 16, 1952.

*L. H. Chastain,* for appellant.

*Clinton R. Barry* and *Sam Goodkin,* for appellee.

ED. F. McFADDIN, Justice. Appellee as plaintiff sought to recover possession of a house and lot in the City of Fort Smith; and from a decree allowing such recovery, the appellants prosecute this appeal. When appellee, E. O. Hanes, and Mrs. Ludie Frazier Hanes were married in 1907, Mrs. Hanes had three children by a former marriage; and these children are the present appellants.

In 1918 James Grier contracted to sell the property here involved (and called the "home") to E. O. Hanes for $1,750, of which amount $750 was paid in cash, and the balance was to be paid in monthly installments. As to who actually paid for the home, we will discuss in Topic I, *infra.* In February, 1928, Mr. and Mrs. Hanes separated. She filed suit against him for separate maintenance; and apparently an order was made by the Sebastian Chancery Court directing Mr. Hanes to pay Mrs. Hanes $25 per month, but such order is not in the present record.[1] It was stipulated, however, that an order of the Sebastian Chancery Court was made in the said suit of *Hanes* v. *Hanes,* whereby Mr. Hanes gave possession of the home to Mrs. Hanes for her natural life. She lived in the home until her death in 1950.

After the separation, Mr. Hanes moved to Oklahoma, where he continues to live. Apparently he became in arrears in payment of the monthly support money; but no order was ever made by the Sebastian Chancery Court, or any other court, determining such arrearage, or rendering judgment therefor, or ordering execution. In 1934, Mrs. Hanes caused the Sheriff of Sebastian County to execute to her a deed, based on a 1931 execution against Mr. Hanes, and sale of the home to her for what

---

[1] Even though the stipulation recites that the pleadings, orders, and records in the case of *Hanes* v. *Hanes* are exhibits in the present case, yet such papers are not in the transcript and the absence of these exhibits accounts for some of the indefinite statements regarding the facts.

Mrs. Hanes claimed, *ex parte,* was the amount of the past due maintenance. The failure to have a judgment or order on which to base the said execution will be discussed in Topic II, *infra.*

Mrs. Hanes and her son, Clyde Frazier, one of the appellants, continued to live in the home after receiving the Sheriff's deed in 1934; and Clyde Frazier spent certain sums on the property, which he claims were betterments. These expenditures will be discussed in Topic III, *infra.* After the death of Mrs. Hanes in 1950, Mr. Hanes filed this action in ejectment to recover the home. The appellants resisted the action and filed claims which caused the case to be transferred to equity. From a decree awarding the home to Mr. Hanes, the appellants prosecute this appeal, presenting the questions previously indicated, and now to be discussed.

I. *Payment for the Home.* Raymond Frazier, one of the appellants, claims that he actually paid one-half of the total purchase price of the home, and that he should have one-half of the fee title. We agree with the Chancery Court that the evidence is not sufficient to justify a decree, either declaring a trust for Raymond Frazier, or reforming the Grier deed as Frazier desires. Even though a resulting trust may be established by parol evidence, nevertheless, such evidence must be full, clear, and convincing. See *Mayers v. Lark,* 113 Ark. 207, 168 S. W. 1093, Ann. Cas. 1915C, 1094; *Kerby v. Feild,* 183 Ark. 714, 38 S. W. 2d 308; and *Simpson v. Thayer,* 214 Ark. 566, 217 S. W. 2d 354. Likewise, even when all necessary parties are before the Court, the evidence required to reform a deed for mistake must be clear, cogent, and convincing. *Wales-Riggs Plantations v. Banks,* 101 Ark. 461, 142 S. W. 828; and *Booe v. Booe,* 210 Ark. 709, 197 S. W. 2d 474. Raymond Frazier lived in the home with his mother and stepfather, and gave money to his mother from time to time. These amounts appear to have been gifts and money for room and board. At all events, the evidence is not clear, cogent, and convincing that they were to secure for Raymond Frazier an interest in the property conveyed by Grier to Hanes.

768

II. *Validity of the Sheriff's Deed.* It was expressly stipulated in this case that in the suit of *Hanes* v. *Hanes,* there was never any order made by any court, (a) finding Mr. Hanes to be in arrears in his monthly support payments, or (b) rendering judgment for Mrs. Hanes therefor, or (c) ordering execution to issue. In the absence of such judgment or order, there could have been no execution *legally* issued for the collection of such arrearage payments. In *Jones* v. *Jones,* 204 Ark. 654, 163 S. W. 2d 528, we said:

". . . nor is a decree for future payments of permanent alimony a final decree upon which an execution might be issued or which might become a lien upon real estate."[2]

Ark. Stats. § 30-101, says:

"An execution may issue on any final judgment order of a court of record, *in personam,* for a liquidated sum of money, and for interest and costs, or for costs alone."

Therefore, we have a case in which there was never a judgment on which an execution could be based; and it necessarily follows that the Sheriff's deed to Mrs. Hanes was ineffectual to convey Mr. Hanes' remainder title.

Without the force of the Sheriff's deed, the appellants' plea of limitations must fall. Under the order of the Sebastian Chancery Court in the maintenance suit, Mr. Hanes delivered possession of the home to Mrs. Hanes for her life. She thus became a life tenant; and limitations did not commence to run in favor of these appellants until the death of the life tenant. See *Cox* v. *Britt,* 22 Ark. 567; *Gallagher* v. *Johnson,* 65 Ark. 90, 44 S. W. 1041; and *Smith* v. *Maberry,* 148 Ark. 216, 229 S. W. 718. Mrs. Hanes died in 1950, and the present proceeding was filed by Mr. Hanes the same year.

[2] In *Tolley* v. *Tolley,* 210 Ark. 144, 194 S. W. 2d 687, we said that under the law of *Kansas* a past due alimony payment could be enforced by execution; but we were careful in that opinion to point out that we were not so holding under the law of Arkansas; because we said: "We are not concerned here with the effect that Arkansas courts give to their own awards for future payments for support, but rather with the effect the Kansas courts give to Kansas awards for future payments for future support."

III. *Clyde Frazier's Claim for Betterments.* After Mrs. Hanes received the Sheriff's deed in 1934, Clyde Frazier claims that he and his mother made certain improvements on the home, believing his mother to be the owner. He seeks to recover the value of such improvements under the "Betterment" Statute,[3] and under the rule stated in *Fee* v. *Cowdry,* 45 Ark. 410; and *Bloom* v. *Strauss,* 70 Ark. 483, 69 S. W. 548, 72 S. W. 563; which cases hold that a life tenant may recover betterments if the life tenant honestly believes he is the fee owner.[4]

But the law requires that the life tenant should keep the property in repair; and therefore, the life tenant cannot recover from the remainderman for such repairs, as distinct from improvements. See *Smith & Shoptaw* v. *Stanton,* 187 Ark. 447, 60 S. W. 2d 183, and cases there cited. The issue thus becomes whether the items expended by Clyde Frazier on the home were for *repairs* or for *betterments.* Each item claimed by Frazier was detailed, and the trial court held that—with one exception—all of the items came within the purview of *repairs,* as distinguished from *betterments.* We find no error in the Court's ruling as regards these items. The one exception as above mentioned, related to an attic fan, which it was agreed was removable, and which Clyde Frazier might remove when he vacated the premises.

The decree is in all things affirmed.

---

[3] This section is § 34-1423 *et seq.* Ark. Stats.

[4] For a good statement of the general rule and the exceptions here involved, see Jones' "Arkansas Titles," § 184. For more recent cases than those cited in that volume, see *Graves* v. *Bean,* 200 Ark. 863, 141 S. W. 2d 50; and *Kelley* v. *Acker,* 216 Ark. 867, 228 S. W. 2d 49.