PIERCE v. LOWE.

5-21                                         256 S. W. 2d 43

Opinion delivered March 23, 1953.

*Walter M. Purvis* and *U. A. Gentry,* for appellant.

*H. A. Tucker,* for appellee.

ROBINSON, Justice.   This appeal involves title to
property in the Town of Lonsdale, Arkansas.   In 1921
the appellee Will Lowe purchased lots 21, 22, 23, and 24
in Block 7 in the Town of Lonsdale, Garland County,
and occupied the property with his wife until 1925, when
they moved to Hot Springs.   They separated in 1933 or
1934 and were divorced in June, 1937, at which time they
were still living in Hot Springs.   The divorce decree
provides ''that the plaintiff and defendant are the own-
ers of Lots 21, 22, 23, and 24 in Block 7 in the Town of
Lonsdale, Arkansas, and that the plaintiff is entitled
to the use and occupancy of said premises during her
lifetime . . . that the plaintiff Jennie Lowe be and
she is hereby awarded the use and occupancy for herself
and children of the premises above set ·forth for her
natural life.''

Following the divorce, Mrs. Lowe moved onto other
property belonging to her divorced husband; and Lowe
collected the rents on the Lonsdale property until about

1943 when Mrs. Lowe took charge of that property. In July, 1943, Mrs. Lowe conveyed by warranty deed the Lonsdale property to the appellant herein, D. W. Pierce. A few days later Pierce moved onto the property and occupied it until 1948, when he rented it to Oliver Burks, who occupied the property paying rent to Pierce until 1951. During this period Lowe claims that about two months' rent was paid to him.

On March 2, 1951, Pierce, who had conveyed an undivided interest in the property to others, along with his grantees, filed this suit claiming to be owners of the property by reason of the deed from Mrs. Lowe and by adverse possession, and asked that title be quieted in them. Lowe was made a defendant. He answered denying the allegations of the complaint, and by way of cross complaint alleged that he is the owner of the property, and asked that the deeds from Mrs. Lowe to Pierce and from Pierce to others be cancelled as a cloud upon his title. The decree of the Chancellor quieted and confirmed the title in Lowe.

Lowe contends that his former wife had no interest that she could convey, and that her interest in the property was in the nature of a homestead right which she had abandoned.

It is our conclusion that at the time of the conveyance from Mrs. Lowe to Pierce, she owned a life estate in the property. The divorce decree provides "that the plaintiff Jennie Lowe be and she is hereby awarded the use and occupancy for herself and children of the premises above set forth for her natural life." "The words 'use and occupation' properly state the nature of the enjoyment of property by a tenant for life." *Faxon* v. *Faxon,* 174 Mass. 509, 55 N. E. 316.

Ark. Stats., § 34-1214, which applies to the division of property between the parties in divorce cases, provides: " . . . and the wife so granted a divorce against the husband shall be entitled to . . . one-third of all the lands whereof her husband was seized of

an estate of inheritance at any time during the marriage for her life."

In *Frazier* v. *Hanes,* 220 Ark. 765, 249 S. W. 2d 842, this Court said: "It was stipulated, however, that an order of the Sebastian Chancery Court was made in said suit of *Hanes* v. *Hanes* whereby Mr. Hanes gave possession of the home to Mrs. Hanes for her natural life. . . . Under the order of Sebastian Chancery Court in the maintenance suit, Mr. Hanes delivered possession of the home to Mrs. Hanes for her life. She thus became a life tenant; and limitations did not commence to run in favor of these appellants until the death of the life tenant. See *Cox* v. *Britt,* 22 Ark. 567; *Gallagher* v. *Johnson,* 65 Ark. 90, 44 S. W. 1041; and *Smith* v. *Maberry,* 148 Ark. 216, 229 S. W. 718."

Mrs. Lowe under the decree in the divorce case became the owner of a life estate which she conveyed to Pierce. The remainderman has no right of entry until the death of the life tenant; therefore possession cannot be adverse to the remainderman during the lifetime of Mrs. Lowe. *Hayden* v. *Hill,* 128 Ark. 342, 194 S. W. 19; *Smith* v. *Kappler,* 220 Ark. 10, 245 S. W. 2d 809.

Reversed.