HOGANE v. HOGANE.

Opinion delivered April 8, 1893.

1. *Statute—Implied repeal.*
The statute, adopted in 1869, allowing an appeal to the circuit court from an order of the probate court admitting a will to record to be prosecuted within three years (Civil Code, sec. 513), was impliedly repealed by the act of 1873 abolishing the probate court and conferring its jurisdiction as to probate of wills upon the circuit court, and was not revived by adoption of the provision in the constitution of 1874 (art. 7, sec. 34), which re-established the probate court.

2. *Order admitting will to record—Appeal.*
A judgment of the probate court admitting a will to record is a final order or judgment from which an appeal lies " at any time within twelve months after the rendition thereof."

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*A. M. Garrison* for appellant.

Section 513, civil code, is the law governing appeals from orders admitting wills to probate, and is not repealed by sec. 1386, Mansf. Dig. Acts passed upon the same subject must be taken and construed together and *made to stand* if capable of being reconciled. 3 Ark. 285; 4 *id.* 410; 40 *id.* 448. Sec. 1386 does not repeal sec. 513, code, nor does it conflict with it, but was intended to extend the time for taking appeals from general and promiscuous orders of courts having probate jurisdiction. Reviewing act April 16, 1873; act No. 14, Mar. 16, 1871; act No. 105, April 25, 1873; act No. 53, sec. 4, p. 120; Acts, 1873, etc.; 40 Ark. 91. Sec. 1386 Mansf. Dig. was not to regulate *the time*, but the *manner* or *mode* of taking appeals. See title of act, p. 268, Acts 1875. A prior act is not repealed by a subsequent one when such subsequent act does not purport to cover

the *entire* subject of such prior act.    10 Ark. 589; 31 *id.* 17 ; 46 *id.* 450 ; 47 *id.* 491 ; 11 Wall. 88.

*W. H. Arnold* for appellee.

The appeal was not taken within twelve months, as required by law.    Sec. 1386, Mansf. Dig.    This is the last expression of the legislative will on the subject, and must govern.    It covers the whole ground, thereby repealing all former enactments upon the subject.    46 Ark. 436 ; 10 *id.* 590 ; 31 *id.* 19.

MANSFIELD, J.    The will of James T. Hogane was admitted to record by an order of the probate court on the 9th day of September, 1889.    More than twelve months thereafter Edward F. Hogane appealed from the order, and his appeal was dismissed by the circuit court for the reason that it was not taken within the time prescribed by the act of March 24th, 1875.    (Mansf. Dig. secs. 1386-1393.)    This appeal is from the judgment of dismissal, and the only question it presents is, whether the act of 1875 applies to appeals from orders probating and admitting wills to record.    It is contended that it does not, and that the provision in section 513 of the Civil Code allowing three years in which to prosecute such appeals is still in force.    That provision was practically omitted from Gantt's Digest by inserting it in language applicable only to appeals to the Supreme Court—the act of 1873 having abolished the probate court and given original jurisdiction to the circuit court in all matters relating to the probate of wills.    Gantt's Digest, sec. 5780.    It was inserted in Mansfield's Digest with such further changes in its phraseology as made it conform to the requirements not only of the constitution of 1874, but also of the act of 1875.    The latter digest, however, treats the act of 1875 as the law governing all appeals from the probate court, both as to the time and manner in which they are to be prosecuted ; and the code

1. As to implied repeal of a statute.

provision relating to the appellate jurisdiction of the circuit court appears to have been retained in a merely formal sense.  Manfs. Dig. sec. 6509.  But it has not been expressly repealed, and the point to be decided here is, whether it is repealed by implication, either by the act of 1873 or the act of 1875.

"A subsequent statute, which is clearly repugnant to a prior one, necessarily repeals the former, although it do not do so in terms."  Sedg. Construction of Stat. & Const. Law, 104; *Chamberlain* v. *State*, 50 Ark. 137. The act of April 16, 1873, abolished the probate court, and vested all its jurisdiction in the circuit court. The latter having thus acquired exclusive original jurisdiction over all matters relating to the probate of wills, all judgments rendered in those matters ceased at once to be within its appellate jurisdiction, for it could not exercise appellate jurisdiction over its own orders.  Under the act of 1873 no order admitting a will to record could be made except by the circuit court, and no appeal could be taken from such an order except to the Supreme Court.  Consistently with that statute, no appeal could possibly be taken to the circuit court, and it was therefore repugnant to so much of section 513 of the code as made provision for such an appeal and prescribed the time in which it might be taken.  Sedg. Construction of Stat. & Const. Law. 102, note.

The statutes governing matters of probate and administration in force when the act of 1873 was passed were for the most part unaffected by its passage.  And if that act, in abolishing the probate court, had transferred its jurisdiction to a court over which the circuit court had appellate jurisdiction, then the code provisions as to appeals from the probate court would have remained operative, and, on the re-establishment of that court by the constitution of 1874, would have had their former application to appeals from its judgments.  But

the circuit court having itself succeeded to all the juris-
diction of the probate court, the statutory provisions reg-
ulating the exercise of its appellate jurisdiction over the
judgments of the latter court necessarily became inoper-
ative for the want of something on which they could act ;
and their repeal by implication resulted from an absolute
repugnancy to the new law. Having been thus repealed,
the mere adoption of the Constitution of 1874 did not
revive them.

But if the provision in section 513 of the code, allow- 2. Appeal
from order ad-
ing three years in which to prosecute appeals from orders mitting will
to record.
admitting wills to record, had not been repealed by the
act of 1873, we think it is very questionable whether that
provision would have been reconcilable with the act of
1875. The latter not only covers the whole subject of
appeals to the probate court, but embraces new provis-
ions not found in the code. *Dowell* v. *Tucker*, 46 Ark.
438, and cases cited ; *United States* v. *Tynen*, 11 Wall.
88. It does not, it is true, specifically mention orders
admitting wills to record. But such orders are clearly
within the terms of the act when it declares that " ap-
peals may be taken to the circuit court from all final
orders and judgments of the probate court." The con-
stitution employs substantially the same language in
conferring upon the circuit court appellate jurisdiction
over probate judgments, and it admits of no question
that such jurisdiction extends to every final order the
probate court is authorized to make. Const. art. 7,
sec. 35.

We think the act of 1875 applies to the order made
in the present case ; and as the appeal therefrom was not
taken within the time limited by the statute, the circuit
court did not err in dismissing it.

Affirmed.