### REEVES *v*. CONGER.

#### Opinion delivered May 16, 1912.

1. SCHOOLS—SALE OF LAND—CONCLUSIVENESS OF JUDGMENT.—Under Kirby's Digest, section 7707, relating to the sale of sixteenth sections of congressional townships, providing that the collector shall report all sales to the county court, which may reject or confirm them, such a proceeding is *in rem* and a judgment confirming a sale is conclusive of its regularity, and not open to collateral attack. (Page 449.)

2. SAME—SALE OF SCHOOL LAND—CONFIRMATION.—While a sale of sixteenth section lands by the tax collector is not a judicial sale, yet,

after such sale has been confirmed by the county court, the sale is as conclusive against collateral attack as a judicial sale. (Page 449.)

3. COURTS—SPECIAL PROCEEDINGS—SHOWING OF JURISDICTION.—Where jurisdiction is conferred on a court, to be exercised in a special manner, the record must show the facts essential to give the court jurisdiction; otherwise no presumption as to its jurisdiction will be indulged. (Page 450.)

4. SCHOOLS—SALE OF LANDS—CONFIRMATION.—Where the record of proceedings for the sale of sixteenth sections of congressional townships under Kirby's Digest, sections 7700-7707, shows that the collector presented his report to the county court for confirmation, it was not necessary that the record should show all the facts necessary to a valid sale; these being matters for the court's determination. (Page 450.)

5. JUDGMENTS—WHEN VACATED FOR FRAUD.—The fraud for which a judgment will be vacated in equity must consist, not in the original cause of action upon which the judgment is based, but in the procurement of the judgment itself. (Page 451.)

6. SAME—FRAUD IN PROCUREMENT.—The fact that the requirements of Kirby's Dig., sections 7700-7707, were not observed by the collector in a proceeding to sell sixteenth section land did not constitute fraud (Page 451.)

Appeal from Phillips Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

STATEMENT BY THE COURT.

This is a suit by the appellant against the appellees to recover section 16, in township 6 south, range 2 east, in Phillips County, Arkansas. The suit was begun in the circuit court. The appellant alleged title to the land through a sale by the collector under the provisions of chapter 142, sections 7700 to 7707, inclusive, of Kirby's Digest. He alleged that the lands were sold under these provisions to John I. Moore, who obtained a deed from the State Land Commissioner to the same, and that he purchased same from Moore.

The answer denied the plaintiff's title and right of possession, and, as a cross bill, alleged that the deed of the State Land Commissioner to Moore, under whom plaintiff claimed title, was void for various reasons, which were specifically set forth, and among which are the following: "That the petition presented to the collector requiring him to sell the land was not signed by a single resident of the congressional township;" and "that the report of the collector to the county court

does not show that notice was posted upon the land as required by the statute."

There was a prayer for transfer to equity, and that the deed of the Land Commissioner be set aside as fraudulent. The cause was transferred to equity.

The deeds on which appellant relies were adduced in evidence, and also the following order of the county court of Phillips County, entered on July 6, 1903, towit:

"In the matter of section 16, township 6 south, range 2 east: Now on this day comes Frank Kitchens, collector of Phillips County, Arkansas, and presents for approval his report of the sale of section 16, township 6 south, range 2 east, 469 26-100 acres, in Phillips County, Arkansas, to John I. Moore, on July 6, 1903, and, the same having been examined by the court and found correct and in due conformity with law governing the sale of sixteenth sections, the same was in all things approved and confirmed, ordered entered upon the records of this court."

Proof was adduced by the appellees for the purpose of establishing the allegations upon which they relied to have the deed cancelled. The court entered a decree dismissing the complaint for want of equity, and setting aside the judgment of the county court confirming the sale, and cancelling the deed of the State Land Commissioner to John I. Moore and the latter's deed to appellant.

*Jacob Fink* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The confirmation of the sale can not be set aside for fraud. 73 Ark. 440; 75 Ark. 416; 83 Ark. 509; 90 Ark. 261; 94 Ark. 589; 141 S. W. 193.

*Greenfield Quarles,* for appellee.

The county court, in the exercise of its power to ratify the sale of sixteenth section school lands, is a court of limited, inferior or special jurisdiction, and, when acting in that capacity, it is necessary that all jurisdictional facts be affirmatively shown in the record. 11 Cyc. 696; 1 Black on Judgments, 279; 3 Ia. 114; 8 Minn. 381; 17 Ore. 294; 51 Ark. 34, 39; 25 N. H. 302, and cases cited; 7 Ark. 159; Freeman on Judgments, §§ 123, 124, 127; Hawes on Jurisdiction, §§ 8, 234; Wells on

Jurisdiction, § 28; 2 Am. Leading Cases, 633; 9 How. (U. S.) 350; 122 U. S. 556. The rule announced in *Gregory* v. *Bartlett,* 55 Ark. 33, should control here. See also 47 Ark. 131; 3 L. R. A. 620; 48 Ark. 238; 52 Ark. 312.

WOOD, J., (after stating the facts). 1. Section 7707 of Kirby's Digest, in regard to the sale of sixteenth sections, provides that "The collector shall, without delay, report all sales to the county court, which may reject or confirm the same. * * * If the sale be confirmed by the county court, the collector shall execute and deliver to the purchaser a certificate, * * *" and, "upon the presentation of this certificate to the Commissioner of State Lands," the purchaser "shall be entitled to a deed from said Commissioner of State Lands for the tract of land sold."

The report of the sale by the collector, under the above section, gave to the county court jurisdiction to inquire into the regularity of the proceedings by which the sale was made. Upon this report of the collector, it was the duty of the county court, before confirming the sale, to ascertain whether or not all the statutory requirements had been complied with by the collector in making the sale. Since the county court confirmed the sale, the presumption is that it found that the requirements of the statute had been observed. Its judgment confirming the sale is conclusive of its regularity, and this judgment is not open to collateral attack.

A proceeding for the sale of sixteenth section lands under the statute is one *in rem,* and, after the collector has reported such sale to the county court, that court having thus acquired jurisdiction to confirm or reject the sale, its judgment confirming the same is the judgment of a court of superior jurisdiction acting strictly according to the requirements of the statute conferring the jurisdiction. All who may claim an interest in the land are parties to the proceedings, and are concluded by the judgment of confirmation, unless they have assailed it in direct proceeding.

While the sale is not a judicial sale, the same not having been ordered by the court, yet, after a sale made by the collector under the statutes has been approved and confirmed by the court, the same principles apply as in judicial sales concerning the curing of defects and irregularities in the sale. Before

the confirmation of the sale of a sixteenth section, any party interested may appear before the county court and impeach the sale for a failure to comply with the statutory provisions concerning such sale, but after the confirmation the presumption becomes conclusive that the law has been obeyed. See *Bank of Pine Bluff* v. *Levi,* 90 Ark. 167.

This court, in *Brown* v. *Rushing,* 70 Ark. 111, at page 120, virtually held that the county court acquired jurisdiction to inquire into irregularities and confirm the sale by the report of the collector to such court. In that case, Mr. Justice BATTLE, speaking for the court, said: "Under the law, it was the duty of Reese, the collector, to report the sale to the county court of Grant County for investigation, and it was the duty of that court to ascertain whether the sale had been made by authority and in conformity with the law. Reese, the collector, did so, and the county court approved the sale. This necessarily implied that the sale was made upon a petition of a majority of the adult male inhabitants of the township, and in the manner prescribed by law. The order of the county court was therefore sufficient to sustain the finding of facts by the court as to the sufficiency of the petition for the sale."

This court has often held that where jurisdiction is conferred on a court by special statute, which is to be exercised in a special manner therein prescribed, the record of such court must show the facts essential to give the court jurisdiction; otherwise no presumption as to its jurisdiction will be indulged. The statute, in such cases, must be strictly pursued, and the jurisdiction must be made to appear in the mode pointed out by the statute. *Morris* v. *Dooley,* 59 Ark. 483; *Hindman* v. *O'Connor,* 54 Ark. 643; *Gibney* v. *Crawford,* 51 Ark. 35. See also *Cross* v. *Wilson,* 52 Ark. 312; *Lusk* v. *Perkins,* 48 Ark. 238.

The doctrine announced in these cases is not in conflict with the decision in the present case, for the reason that the record in the present case does show that the collector presented his report to the county court for confirmation. It was essential, under the statute, that this fact be shown by the record in order to give the county court jurisdiction, but it was not essential that all the facts necessary to the validity

of the sale by the collector be shown of record before the county court had jurisdiction to inquire concerning these matters. Upon the presentation of the report of sale the county court was impowered, under the statute, to inquire into the proceedings in order to determine whether or not the collector, in making the sale, had observed, as we have stated, all the statutory requirements.

2. In order to impeach the judgment for alleged fraud, appellees have brought into the record testimony which tends to show that the requirements of the statute were not observed by the collector in making the sale. These were matters for investigation by the county court before entering its judgment of confirmation. The presumption here is that the county court performed its duty and duly inquired into the regularity of the proceedings and found that they were correct. This judgment can not be set aside on collateral attack by a showing now to the effect that the collector failed to do his duty and failed to see that all the requirements of the law had been observed before he made the sale. That was the subject-matter of investigation before the county court, and was the original cause of action, so to speak, upon which the judgment of confirmation was entered. But, as was said by this court in *James* v. *Gibson*, 37 Ark. 440: "The fraud for which a judgment will be vacated in equity must consist, not in the original cause of action upon which the judgment was based, but in the procurement of the judgment itself." *Boynton* v. *Ashabranner*, 75 Ark. 416; *Parker* v. *Bowman*, 83 Ark. 509; *Davis* v. *Rhea*, 90 Ark. 261; *Pattison* v. *Smith*, 94 Ark. 589. See also *Stewart* v. *Stewart*, 101 Ark. 86.

The facts relied upon here to impeach the judgment for fraud do not show fraud practiced upon the court in the procurement of the judgment.

The decree of the chancery court of Phillips County dismissing the appellant's complaint for want of equity and granting the prayer of the cross complaint, for the errors indicated, is reversed, and the cause is remanded with directions to dismiss the cross complaint for want of equity, and to enter a decree in favor of the appellant in accordance with this opinion.