BURBRIDGE *v.* GOTSCH.

Opinion delivered February 24, 1913.

</div>

1.  TAX TITLES—CONFIRMATION—NOTICE.—While § 662 of Kirby's Digest, authorizing the confirmation of tax sales, requires that the notice to be published calling on all persons interested in the land to appear, shall be signed by the purchaser, his heirs or legal representatives, if the notice is signed by the clerk and also by the petitioner's attorney, the signature of the clerk will be treated as surplusage and the notice will be held to be in compliance with the statute as one given by the petitioner. (Page 139.)

2.  TAX TITLE—CONFIRMATION—IRREGULARITY.—Where, in the proceeding to confirm a tax title, the purchaser failed to have the notice signed in the manner required by the statute, the failure was a mere irregularity which can not be taken advantage of in an action to vacate the decree confirming the tax sale. (Page 140.)

3.  JUDGMENTS—REGULARITY.—A decree will be held to have been rendered during term time, where an order of adjournment appears in the record, is erased, then the decree entered, and then the order of adjournment rewritten. (Page 140.)

4.  JUDGMENTS—FRAUD.—A judgment will be canceled for fraud, only when the judgment was procured by fraud. (Page 140.)

Appeal from Bradley Chancery Court; *Z. T. Wood,* Chancellor; affirmed.

*E. E. Williams* and *B. L. Herring,* for appellant.

1. The confirmation decrees are void for want of jurisdiction. The statute, Kirby's Digest, §§ 661 to 675, inclusive, prescribes minutely the whole procedure for confirming a defective tax title. A valid confirmation can only be had "by pursuing the rules hereinafter prescribed." *Id.,* § 661. One of these rules is, that "the pur-

chaser, or the heirs and legal representatives of pur-
chasers'' shall publish notice for six weeks in succession
in some newspaper, etc.  *Id.,* § 662.  A notice published
by the clerk or by the attorney of the petitioner is not a
compliance with the statute and can confer no jurisdic-
tion on the court.

A judgment rendered without legal service on the
defendants is ''absolutely null and void.''  Kirby's Dig.,
§ 4424.  The court must have jurisdiction both of the sub-
ject-matter of the suit and the parties thereto.  150 S. W.
135, 136.

2.  The decrees should be set aside for fraud in the
procurement of the same.  Under the statute the payment
of taxes for three years, two of which must be after the
time for redemption has expired, is a condition precedent
to the filing of a petition for confirmation; and, as said
by this court, ''It is the payment of taxes and not the
exhibition of tax receipts, which confers jurisdiction upon
the court to confirm the tax title of the petitioner.''  75
Ark. 415, 426.

3.  The decrees were rendered in vacation, *and are
void* for that reason, appearing upon the record after the
adjourning order of the January term, 1907, and before
the opening order of the fall term of the court, with no
record evidence to show that there was an adjourned
session of the court between those dates.  86 Ark. 591; 75
Ark. 420; 71 Ark. 226; 40 Ark. 224.

*D. A. Bradham,* for appellee.

1.  The decrees are valid.  The tax title statute for
confirmation was fully complied with.  The decrees will
be construed by this court upon the record alone, which is
conclusive.  150 S. W. (Ark.) 135; Kirby's Dig., § 4425;
49 Ark. 397.  See also 50 Ark. 188; 22 Ark. 118.  On col-
lateral attack, the judgment can be impeached only for
the want of jurisdiction appearing on the face of the
judgment roll.  *Supra;* 121 Am. St. Rep. 105; 134 *Id.* 806.

As a direct attack upon the decrees, the case of
*Boynton* v. *Ashabranner,* 75 Ark. 426, cited by appellant

in support of his contention, is an authority supporting appellee.

No such fraud is shown as this court will recognize as a reason for setting aside the decrees. 90 Ark. 170; 97 Ark. 314. The burden was upon appellants to show fraud, and they can not ask the vacation of the decrees without such showing. 93 Ark. 462.

The mere fact that they had a valid defense will not of itself warrant the court in setting aside the decrees. 95 Ark. 178.

McCulloch, C. J. This is an action instituted by appellants in the chancery court of Bradley County against appellees, in which it is sought to vacate two decrees of said chancery court rendered at the January term, 1907, confirming certain tax sales under which appellees claim title to the lands described in the decrees.

The validity of the two decrees is challenged on the grounds (1) that the court did not acquire jurisdiction of the subject-matter; (2) that the decrees were rendered in vacation, and (3) that they were obtained by fraud practiced by the attorneys for the petitioner, Emma Gotsch.

The case was tried on the record in the two former proceedings, in which the decrees sought to be cancelled were rendered; and also upon an agreed statement of facts, and other testimony.

Appellants showed that they were the owners of the original titles, and that appellees hold under a forfeiture to the State for taxes in 1869, and subsequent conveyances.

It is satisfactorily proved in the present case that the petitioners for confirmation had not paid taxes for three years when the petitions were filed and the decrees were rendered, and, of course, tax receipts showing the payment of taxes for at least three years were not exhibited as required by the confirmation statute. The confirmation decrees themselves, however, recite a finding by the court that the taxes had been paid for three years prior to the filing of the petitions, and each of the decrees also recites that notice of publication had been duly pub-

lished "for six weeks previous to the petition for confirmation, and the last day thereof appearing twenty days before the first day of the present term of this court." Among the papers on file in the confirmation proceeding are the affidavits of the publishers showing publication of the notice, and it appears from these notices that they are signed by the clerk of the court, and also by the attorney for the petitioner.

On a final hearing the court dismissed the complaint for want of equity.

The basis of the charge that the court was without jurisdiction is that the statute was not complied with in the matter of giving notice. The statute concerning confirmation of tax titles provides that "the purchasers, or the heirs and legal representatives of purchasers * * * may at any time after the expiration of the time allowed for such redemption, publish six weeks in succession in some newspaper published in the county where the lands lie * * * a notice calling on all persons who can set up any right to the lands so purchased in consequence of any informality or any irregularity connected with such sale to show cause at the first term of the circuit court of the county, or if there be a separate chancery court in the county, then at the first term of the chancery court, after the publication of the notice, why the sale so made should not be confirmed." Kirby's Digest, section 662.

The next two sections provide that "the notice provided in the preceding section shall state the authority under which the sale took place and give the description of the land purchased and the nature of the title by which it is held," and that "the last insertion of said notice in the newspaper shall be at least twenty days prior to the first day of the term of court at which application for confirmation is to be made."

It will be noted that under this statute, notice is to be given by the petitioners themselves, whereas, under the act of 1899, providing for confirmation of titles, the provision is for notice by the clerk after the filing of the

petition. This court has held that the act of 1899 is not applicable to confirmation of tax sales. *Ex parte Morrison,* 69 Ark. 517.

The notice in each of the cases was in strict compliance with the statute authorizing confirmation of tax sales except that it was signed by the clerk; but as it was also signed by the attorney for the petitioners the signature of the clerk may be treated as surplusage, and the notice is sufficient as one given by the petitioner. However, if we should hold otherwise on that question, the failure to have the notice signed in the manner required by the statute was a mere irregularity which could not be taken advantage of in an attack of this kind. *Porter* v. *Dooley,* 66 Ark. 1; *Johnson* v. *Lesser,* 76 Ark. 465.

The next attack upon the validity of the confirmation decrees is on the ground that they were rendered in vacation.

There is nothing in the evidence to sustain this attack. The records prepared and kept by the clerk show that the decrees were entered during term time. It is true there appears on the record preceding these decrees an order of adjournment, but it had been erased or scratched out and another order of adjournment entered following the record of the confirmation decrees. This condition of the record, even unexplained, would not be sufficient to overturn the clerk's entry of the decrees upon the record. *Fiddyment* v. *Bateman,* 97 Ark. 76. But the condition of the record was fully explained by the testimony of the clerk, who stated that the adjourning order was at first erroneously written before these decrees were entered while the court was still in session.

In support of the attack on the decrees for fraud in their procurement appellants called as a witness the attorney who acted for the petitioners in the confirmation proceedings, and he stated, in substance, that he did not represent to the court that he had the tax receipts, but that he correctly stated the facts at the time of the rendition of the decrees. Appellants also rely upon proof that the petitioners had not in fact paid taxes on the

lands for three years. This was not sufficient to show fraud in procurement of the decrees. *Boynton* v. *Ashabranner,* 75 Ark. 415; *Bank of Pine Bluff* v. *Levi,* 90 Ark. 170; *Terry* v. *Logue,* 97 Ark. 314.

The facts in *Boynton* v. *Ashabranner, supra,* were very similar to the facts of the present case as to the question of alleged fraud. There the court said:

"The defendant testified that he had paid the taxes for the three years preceding the confirmation, and exhibited his tax receipts, and it follows from that testimony that the petition for confirmation could not have paid the taxes for those years. But the confirmation decree recites the exhibition by the petitioner of tax receipts, and the court necessarily found before entering the decree that petitioner had paid the taxes. It is not sufficient to show now that the finding was erroneous because, in the absence of fraud, that finding is conclusive, and another trial of the question can not be permitted. The court may have reached its conclusion upon false or incompetent testimony as to payment of taxes, yet that would not constitute grounds for reopening the question and trying it anew. * * * Mere proof, however, that the taxes were paid by the defendant is not sufficient, in the absence of an affirmative showing of fraud practiced on the court. It is the payment of taxes, and not the exhibition of tax receipts, which confers jurisdiction upon the court to confirm the tax title of the petitioner, and a finding by the court in that proceeding of that jurisdictional fact is final and conclusive until the contrary be shown, and fraud be shown to have been practiced upon the court inducing that finding."

Our conclusion is that appellants failed to establish their claim of fraud in the procurement of the confirmation decrees and that the chancellor was correct in refusing to vacate the decrees.

Affirmed.