TRICE, ADMINSTRATOR, *v.* SCHOOL DISTRICT NO. 40.

Opinion delivered November 20, 1916.

MONEY PAID—MISTAKE—RECOVERY.—One B. owed a school district some money; one M. suffering under an hallucination, conceived the idea that he owed the district money, and gave to B. a $1,000 bill, which B. delivered to the district to be applied on his debt.    *Held,* M.'s administrator could not maintain an action to recover the money.

Appeal from Mississippi Chancery Court, Chickasawba District; *E. E. Alexander,* Special Chancellor; affirmed.

*N. F. Lamb* and *Archer Wheatley*, for appellant.

1.    Decedent was insane when he paid the money. 87 Ark. 243, 277; 70 *Id.* 166; 48 S. E. 603; 76 N. E. 755; 97 Ark. 450, 457; 105 *Id.* 44-47; 73 *Id.* 170; 22 Cyc. 1170; 48 Ga. 313; 6 Humph. (Tenn.) 503. There was no consideration for the payment. 22 Cyc. 1173-4; 18 Pac. 687; 39 So. 12. See also 29 N. H. 106; 20 Mich. 278; 95 N. Y. 503. The personal representative may avoid the gift. 22 Cyc. 1174; 45 Ark. 392.

2.    The testimony was uncontradicted and should not have been disregarded. 75 Ark. 406; 89 *Id.* 29; 113 *Id.* 190. It was competent. 79 Ark. 414; 43 *Id.* 307; 46 *Id.* 306. Mrs. Mathes was a competent witness. 40 Cyc. 2355; 42 Atl. 1024.

3.    Appellant's family are not estopped.

*R. A. Nelson* and *G. E. Keck,* for appellee.

1.    The money paid did not belong to E. H. Mathes, but was the property of his wife.

2.    Plaintiff is estopped from coming in and setting up a claim adverse to that of the school district. The money was Mrs. Mathes'. 66 Ark. 299; 79 *Id.* 69. She acquiesced in and furnished the money. The payment was September 20, 1913, and Mathes died in May, 1914. This suit was filed August 7, 1913. The parties are estopped by their conduct. 99 Ark. 260.

3.    Mathes was not insane. 87 Ark. 276; 219 Mo. 494; 118 S. W. 12; 62 Mo. 401; 16 Am. Rep. 473; 27 L. R. A. (N. S.) 68.

SMITH, J.   The Sixteenth Section lying within Common School District No. 40, Mississippi county, was sold in the year 1900 to E. F. Brown.   His purchase was for the joint benefit of himself and E. H. Mathes and W. J. Driver, although the last named gentlemen never appeared of record as having any title, but they transferred their interest to Brown, who took the deed in his individual name.

Mathes was a lawyer of reputation and a man of high character, but in the spring of 1913 his strength and health began to fail, and there was an attendant loss of mentality, and this physical and mental weakness grew until May, 1914, when he died.  Mathes conceived the idea, which the proof shows to have been an hallucination, that he had done the school district a wrong, and the thought of making atonement preyed on his mind until he was desirous of giving all his property to the district.   He had repeated conversations with Brown on the subject, and went to Brown's office with a letter which he had written to the treasurer of Mississsippi county and a thousand-dollar bill.   With this bill Brown, at Mathes' request, purchased exchange and made a remittance to the treasurer in his own name, signing the letter which Mathes had prepared.   This relieved Mathes' mind for a time, but he soon wanted additional payments made to the school district. Finally a supposititious receipt was presented to him which recited that three thousand dollars had been paid by himself, Brown and Driver.   This receipt was signed by the county treasurer, but at the same time there had been prepared a complete written memorandum of the entire transaction and circumstances, in which the mental condition of Mathes was recited, and this writing was signed by Mathes' wife and son, Brown and Driver, and by the treasurer of the county.   The exhibition of this receipt pacified Mathes for an additional time, but he soon demanded that other payments be made.

The proof shows that in the early summer of 1913 Mathes and his wife sold a lot in Jonesboro for $1,500, of which $1,000 was put in a certificate of deposit and de-

livered to Mrs. Mathes. This certificate was later endorsed by Mrs. Mathes, cashed by her husband, and for it he received the thousand dollar bill above mentioned.

This suit was filed by the executor of Mathes' estate to recover the thousand dollars so paid, on the ground that Mathes was of unsound mind at the time the payment was made.

In defense of this action it was shown that no one acting for the school district ever knew prior to the institution of this suit that any one was interested with Brown in this purchase, but a suit had been brought in the name of the school district to cancel the deed to Brown upon the ground that the sale to him was fraudulently made. This suit was on the docket of the chancery court for three terms, during all of which time Brown was demanding that the case be prepared for trial.

About that time this court announced its decision in the case of *Reeves* v. *Conger*, 103 Ark. 446, which the school district regarded as adverse to certain of its contions and a nonsuit was taken, but attorneys for the district later announced their intention of renewing the suit, but did not do so in consideration of Brown's promise to pay the district a thousand dollars and the subsequent payment of that amount, and the suit was not brought because of this promise, and the year within which the suit could have been again brought expired without an intimation that the payment would not be made pursuant to the agreement that it should be made.

Brown testified that Mathes wanted the money remitted in his (Brown's) name, and that he took the thousand dollars which Mathes gave him and bought the exchange which was sent to the treasurer. The letter which accompanied this remittance reads as follows:

"September 20, 1913.

"Hon. C. B. Hall, County Treasurer, Osceola, Ark.:

"Dear Mr. Hall: I enclose herewith express money order for one thousand dollars, which I desire you to place to the credit of the building fund for the school district in which the town of Leachville is situated. I believe the district No. is 32, but you will know about that.

"I promised these people when I was railroading that I would give them a substantial contribution towards the erection of new school building, but one thing and another deferred action till now.

"If it be possible and lawful for you to do so, I want this to remain in the treasury subject to the order of the directors of the district when it appears they have as much money on hand for building purposes. That will give them a good substantial building. If this can not be done, then I wish this fund to go on the books of their credit for building purposes at their pleasure.

"Please send me your official receipt for this money and greatly oblige me.

"Yours truly,

"E. F. Brown."

It may be said that the proof here indicates that the school district could not have successfully maintained its suit to cancel Brown's deed; but it also shows that a suit had been instituted for that purpose and that that litigation was finally disposed of by the payment of the money now sought to be recovered.

The court dismissed the complaint for want of equity, and this appeal is prosecuted to reverse that decree.

We think the decree must be affirmed, because appellant's evidence, when accepted as true, does not establish a cause of action. The title to a bill of exchange ordinarily passes by endorsement, and the title to money ordinarily passes by delivery. Here Mathes delivered money to Brown, who bought exchange with it, and endorsed the exchange to the county treasurer,

who accepted it for and to the credit of the school district and without knowledge that the transaction was not what it purported to be. Under the circumstances of this case we must hold that this suit can not be maintained. See note to *Schmidt* v. *Shaver*, 89 Am. St. Rep. 250; *Hunter* v. *Lawrence's Admr.*, 62 Am. Dec. 640; *Carpenter* v. *McBride*, 52 Am. Dec. 379.

The decree dismissing the suit is accordingly affirmed.

HUMPHREYS, J., not participating.