### JENKINS v. JENKINS.

#### Opinion delivered June 14, 1920.

1. WILL—PROBATE IN COMMON FORM—RIGHT OF APPEAL.—A judgment admitting a will to probate in common form is a final order or judgment, from which an appeal lies within twelve months after rendition thereof.

2. WILLS—PROBATE IN COMMON FORM—APPEAL BY INFANT.—An infant heir will not be permitted to appeal from the probate in common form of his ancestor's will after the year provided by the statute (Kirby's Digest, § 1348) has expired; the statute containing no saving clause in favor of infants.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

STATEMENT OF FACTS.

This is a proceeding by Edith Jenkins and John Brunson Jenkins, Jr., minors, by their next friend, N. T. Jenkins, to be allowed to appeal from the probate of the will of P. G. Jenkins, deceased.

As grounds therefor, they allege that they are children of Brunson Jenkins, deceased; that Brunson Jenkins and P. G. Jenkins were brothers; that Brunson Jenkins died before P. G. Jenkins; that the will of P. G. Jenkins was probated in common form, and that the petitioners were not notified of the probate thereof; that, but for the will and probation of the same, they would have shared in the estate of P. G. Jenkins, deceased.

The will of P. G. Jenkins, deceased, was probated in common form on the 10th day of January, 1916, and the present proceeding was instituted in the probate court on June 13, 1919.

The petition of Edith Jenkins and John Brunson Jenkins, minors, to be allowed to contest the probate of the will of P. G. Jenkins, deceased, was denied by the probate court, and it was adjudged that their petition be dismissed. They prosecuted an appeal to the circuit court, and it was there adjudged that the cause be dismissed. The case is here on appeal.

*Arthur D. Chavis* and *Carmichael & Brooks*, for appellant.

The infants as well as all other persons are cut off by the statute of limitation of one year from the judgment of the probate court. There is no exception in favor of infants. 70 Ark. 415. Infants have until twelve months after attaining full age to make themselves parties and appeal from the probate of a will. 70 Ark. 415.

*Taylor & Jones,* for appellee.

Appellants are barred and can not appeal. Art. 7, § 35, Constitution. The statute makes no exceptions in favor of infants. Acts 1909, p. 956; 53 Ark. 421; 108 Ark. 220; 59 *Id.* 242; 89 Ark. 334; 134 *Id.* 280; 132 *Id.* 309. The disability of a party does not stop the running of limitation. 2 Enc. Pl. & Pr. 255; 64 Ark. 350; 51 *Id.* 284. Appeal is the only remedy. 70 Ark. 88; 34 *Id.* 451; 89 *Id.* 334.

HART, J. (after stating the facts. The record shows that Edith Jenkins and John B. Jenkins were minors at the time P. G. Jenkins died and his will was admitted to probate in common form, that is without notice. They seek to contest the will on the ground of undue influence in its execution, and claim that on account of their minority they have the right to have the will probated in solemn form, or, in other words, to contest it, although more than one year has elapsed since the will was probated.

Under our statute, the judgment admitting a will to record is a final order or judgment from which an appeal lies within twelve months after the rendition thereof. *Hogane v. Hogane,* 57 Ark. 508. The appeal in that case was dismissed because it was not taken within the time limited by the statute.

In *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, it was held that where a will is admitted to probate in common form in the probate court, the persons interested may make themselves parties by perfecting an appeal to the circuit court within twelve months, and that this, under our practice, amounts to a contest of the will. The court said:

"If the will has been probated in the more solemn form (that is, upon notice to all interested to appear in the probate court at the probation), then, of course, this particular question does not arise. If, however, as in the present case, the probation is in the common form, and parties interested have not been summoned to appear and make objection, then we think it but a fair and reasonable construction to put on the statute that parties interested may file the affidavit provided in the statute within the twelve months allowed, and thus make themselves parties to the probate proceedings for the purpose of taking an appeal from the order of probation to the circuit court, wherein, in such case, the real contest of the will may be made on the grounds set forth in their petition, which, of course, will necessarily show their relationship to the deceased. This ruling is one of first impres-

sion in this court, but is in harmony with the suggestion contained in all of our more recent decisions, although these decisions contain mere suggestions or intimations on the subject, and nowhere decide the particular question. *Petty v. Ducker, supra; Hogane v. Hogane,* 57 Ark. 508. Furthermore, since the decisions of this court have left no other remedy to the contestant, who has not been given a day in court, this ruling meets the requirements of the constitutional provision which declares that "every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive, in his person, property or character." Const. Ark., art 2, § 13. The contestants having filed their affidavit within one year from the probation of the will, as required by statute, the circuit court properly exercised jurisdiction to hear and determine the appeal, which in such matters amounts to the contest of the will."

The statute under construction in that case is the one applicable here, and it contains no saving clause in favor of infants, and the court can make none. A saving from the operation of the statute for the disability of minority must be expressed or it does not exist. Hence it has been held that where the time for contesting probated wills is limited by statute and there is no saving clause in favor of infants, none exists. 40 Cyc. pp. 1257, 1258; *Cleveland v. Lyne,* 5 Bush (Ky.) 383; *Folmar's Appeal,* 86 Pa. 482; and *Warfield v. Fox,* 53 Pa. 382.

With regard to other statutes by which the rights of minors and *femme coverts* are affected, the court has held that a law general in its nature binds them, although they are not specially named, and that their disability does not relieve them from the limitation of the statute unless there is a saving clause showing that they were intended to be excepted. *Nelson v. Cowling,* 89 Ark. 334; *Collier v. Smith,* 132 Ark. 309, and *Hogg v. Nichols,* 134 Ark. 280.

Section 8041 of Kirby's Digest provides that when the proceeding to probate a will upon notice is taken to the

circuit court all necessary parties shall be brought before the court.

Section 8043 provides that any person interested, who at the time of the final decision in the circuit court resided out of this State, and was proceeded against by order of appearance only, and any other person interested who was not a party to the proceeding by actual appearance, or being personally served with process, may, within three years after such final decision in the circuit court, by a bill in chancery impeach the dicision and have a retrial on the question of probate. The concluding part of the section provides that an infant, not a party, shall not be barred of such proceedings in chancery until twelve months after obtaining full age.

In the construction of this statute the court has held that a court of equity has no jurisdiction to review a decision of the probate court upon the probate of a will where there was no appeal to the circuit court within the time prescribed by the statute. The court held that if the appeal to the circuit court be barred, then no final decision of the circuit court can be had on the probate or a rejection of the will, and that the section is wholly inapplicable. *Mitchell* v. *Rogers,* 40 Ark. 91.

The Court of Appeals of Kentucky reached the same conclusion upon a precisely similar statute. *Cleveland v. Lyne,* 5 Bush (Ky.) 383.

It follows that the petitioners fall within the operation of the statute, and, more than one year having elapsed from the date of probating the will and the time of filing their petition to contest the will, the circuit court properly dismissed their cause of action. Any other holding would make the statute an enlarging rather than a restraining one.

Therefore the judgment will be affirmed.