DUNN *v*. BRADLEY.

Opinion delivered October 31, 1927.

1. WILLS—FRAUD IN PROCURING PROBATE OF WILL.—A complaint asking that the probate of a will be set aside for fraud on the court, which did not allege any facts showing that a fraud was

committed upon the court in procuring a probate of the will, *held* insufficient to show grounds for vacating the judgment admitting the will to probate on account of fraud, under Crawford & Moses' Dig., § 6290, subd. 4.

2. WILLS—JUDGMENT PROBATING WILL IN COMMON FORM.—The probate court is a court of record, and its judgment probating a will in common form, under Crawford & Moses' Dig., § 10526, is, after lapse of term of the court, a final judgment until vacated or set aside as provided by law.

3. WILLS—FRAUD IN PROCURING JUDGMENT.—The fraud for which a judgment will be vacated under Crawford & Moses' Dig., § 6290, by a probate court in which a judgment was rendered, must be fraud practiced by the successful party in the procurement of the judgment itself.

4. WILLS—COMPLAINT ALLEGING FRAUD.—Allegations that, at the time a testator made a will, he was so weakened by disease and narcotics that he did not have testamentary capacity, and that his second wife took advantage thereof, and by undue influence, fraud, and duress, induced him to execute a will disinheriting petitioner and his daughter, *held* sufficient on demurrer to constitute a cause of action.

5. WILLS—JUDGMENT ADMITTING WILL TO PROBATE—VACATION.—The probate court is without jurisdiction, after 11 years, to vacate its judgment probating a will on account of fraud practiced on the court, such judgment being final.

Appeal from Union Circuit Court, Second Division; *W. A. Speer,* Judge; affirmed.

*Powell, Smead & Knox, Smith & Little* and *Gaughan & Sifford,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

WOOD, J. Blanche Bradley Dunn instituted this action on October 13, 1925, by filing her petition in the Union County Probate Court, in which petition she set up that J. P. Bradley died on the 18th day of November, 1913, leaving his widow, Ida Bradley, and the petitioner, his only child and heir at law; that an instrument purporting to be the last will and testament of J. P. Bradley, hereafter called Bradley, was filed in the office of the clerk of the probate court soon after the death of Bradley, and was admitted to probate on the 13th of April, 1914; that Bradley gave his wife, Ida, all his property, real and personal, during her life, and bequeathed and

devised to Robert William Bradley, an adopted son of Ida Bradley, all his property, subject to the life estate of Ida Bradley; that he gave to the petitioner the sum of only $5; that one Frank Murph was named as the executor, and qualified as such; that the widow took possession of the property and continued in possession thereof until her death. After her death W. J. Murph qualified as administrator of her estate, and, by order of the probate court, paid the surplus of funds remaining in his hands as administrator to John Murph, the guardian of Robert Bradley, a minor. The petition then sets forth that, under the terms of the will, a large sum of money went through the hands of the guardians of Robert Bradley and, after he became of age, into his hands. The petitioner sets forth that Bradley, her father, was twice married, she and her deceased brother being the only children of the first marriage; that, after the death of her mother, her father married Ida Bradley; that her stepmother, through hatred of the petitioner and by undue and sinister influence, induced petitioner's father to disinherit her. She alleged, in substance, that, at the time the will was made, her father was so weakened by disease and narcotics given him to relieve his suffering and to enable him to sleep that he did not have testamentary capacity; that her stepmother took advantage of this condition and, by reason of the undue influence and fraud and duress practiced upon petitioner's father, he was induced to execute the purported will which had been admitted to probate; that she had not discovered that the purported will was executed under the above conditions and circumstances until a few weeks before the filing of her petition; that the purported will was not executed and signed in the presence of attesting witnesses, and was not attested as the law requires. She further sets forth that, at the time of the probate of the will, petitioner resided in Calhoun County, and was not present when the application for probate was made, and had no notice of the proceedings until more than one year after the probate of the will. She alleged by an

amendment to her petition that the filing of the paper purporting to be the last will and testament of Bradley under the circumstances was a fraud upon the court because the beneficiaries under the will knew at the time of the fraud, duress, and undue influence that had been practiced upon Bradley to induce him to sign the paper purporting to be the will, and they knew at the time the paper was executed that Bradley did not have the mental capacity to make a will. Petitioner prayed that Robert Bradley and his former guardians be summoned into court and that the former probate of the will be set aside and held for naught, and that Robert Bradley and the former guardians be required to account to the petitioner for all money and property of every description which had come into their hands from the estate of Bradley and his wife, Ida, and for all proper relief.

Mary Saunders and Percy Saunders intervened, setting up that they were heirs-at-law and next of kin of Robert Bradley and the owners of his estate. They filed a demurrer to the petition; also R. E. Wood, a former guardian, filed a demurrer to the petition, alleging: "1. That the petition shows on its face that this court is without jurisdiction of the subject-matter mentioned in the said petition. 2. For the reason that the petition does not state facts sufficient to warrant the court in setting aside the judgment rendered by it herein on April 13, 1914. 3. The petition shows on its face that Blanche Bradley Dunn is barred by the statute of limitations."

The probate court sustained these demurrers, and the petitioner refused to plead further, and the petition was dismissed. She duly prosecuted her appeal from the judgment of the probate court to the circuit court. In the circuit court the cause was dismissed as to R. E. Wood, the former guardian, and Robert Bradley, whose disability of minority had been removed by the court, was authorized to defend the action in his own name, and he filed a demurrer in which he set forth the following:

"1. The petition does not allege facts sufficient to give the probate court jurisdiction of this matter, and, the probate court having no jurisdiction, none was acquired by the circuit court upon appeal. 2. That the petition does not state facts sufficient to constitute a cause of action against the appellee. 3. That the petition does not allege facts sufficient to show that a fraud was perpetrated upon the probate court of Union County in obtaining the order of April 13, 1914, admitting to probate the will of J. P. Bradley, deceased. 4. That the petition shows upon its face that the appellant has not acted with that degree of diligence required of her by law in moving the court to set aside the order of the Union Probate Court of April 13, 1914. 5. That the petition shows upon its face that the appellee and Ida Bradley have had the control, management and possession of the property involved in this controversy for a period of more than seven years, under claim of ownership, and have acquired good title to said property by limitations, even if it should be found that the will of J. P. Bradley, deceased, is void. 6. That the petition shows upon its face that appellant's cause of action herein, if any she has, was in existence when act No. 10 of the Acts of the General Assembly was approved on February 20, 1919, and that she failed to institute this suit within one year from the passage of said act, and she is therefore barred by said act from maintaining this action."

The court sustained the demurrer on the ground "that the facts stated in said petition are not sufficient to constitute a cause of action against the respondent, Robert William Bradley." The petitioner refused to plead further, and stood upon her petition, whereupon the court dismissed her petition, from which judgment is this appeal.

1. There is an allegation in the petition "that said purported will was not signed by the said J. P. Bradley in the presence of each of the attesting witnesses, both being present together, and that said attesting witnesses

did not attest said will at the request of the testator.''
The original will itself is brought into the record as a
part of the pleadings and the record of its probate, and
these show that the will bore the signature of the testator,
J. P. Bradley, and the signatures of two witnesses, as the
statute requires, and the order of the court showing that,
after examination and proof, the will was found to be
regular and was admitted to probate and ordered
recorded.

2. In the amended petition it will be observed that
the petitioner alleged that the application for probate
and the hearing and proceeding had was a fraud upon
the court, the beneficiaries therein well knowing at the
time that fraud, duress and undue influence had been
practiced upon the said J. P. Bradley to induce him to
sign said paper, and that, at the same time, the said
parties well knew that the said testator was not of sound
and disposing mind and memory. The probate court is a
court of record, and its judgment probating a will in
common form, under § 10526 of C. & M. Digest, is, after
the lapse of its term, a final judgment until vacated or
set aside in some manner authorized by law. One of the
grounds for vacating a judgment of the court after the
expiration of the term is ''for fraud practiced by the
successful party in the obtaining of the judgment or
order.'' § 6290, C. & M. Digest, subdiv. 4.

The will named Murph as executor. It was the
moral, if not the legal, duty of the executor to present
the will for probate. In Schouler on Wills, vol. 2, § 730,
it is said: ''The first and most pressing duty of every
executor nominated as such is to have the will, by virtue
of which he claims the rights of representative, admitted
to probate.'' And in 40 Cyc., at page 1226, it is said:
''There is a moral obligation, if not an imperative legal
duty, resting upon the person named in the will as exec-
utor to produce the will for probate.'' See also 28 R.
C. L., § 361. We have no statute declaring it to be the
duty of the executor to present the will for probate, but,
in the absence of a statute, such at least would be his

moral duty. There is no allegation in the petition as to who filed the will for probate, but there is an allegation that, after the probate of said purported will, the said Frank Murph, executor, qualified as such, etc. We cannot assume, in the absence of allegation, that the beneficiaries named in the will presented the same, and that the same was not presented for probate by the executor. The above allegation rather tends to show that the executor presented the will for probate. We only know from the record that proof was made and the will, on examination, was found regular and duly admitted to probate.

Now, the beneficiaries named in the will were Ida Bradley and Robert William Bradley. It is not alleged that they, knowing that the testator, at the time the will was executed, did not have sufficient mental capacity to make the will, presented the will for probate and withheld and suppressed such fact from the court; nor is it alleged that the executor presented the will knowing such fact, and suppressed and withheld the same from the court at the time the will was admitted to probate; nor is it alleged that the beneficiaries and the executor, having knowledge of such, entered into a collusion to suppress and withhold such fact from the probate court at the time the will was presented for probate, and that they did withhold such fact from said court. On the contrary, the proof of the will by the clerk, which was made an exhibit to the petition herein, recites as follows: "C. W. Smith and D. R. Young, to me well known, who, being duly sworn, say: That they are the subscribing witnesses to the foregoing instrument of writing, purporting to be the last will and testament of J. P. Bradley, deceased; that said instrument was executed at the time, place, and by the person therein named; that said J. P. Bradley, the testator, was, at the time of signing said instrument, upwards of twenty-one years of age, and of sound and disposing mind and memory, and that, in the presence of both of these affiants, he declared it to be his last will and testament, and subscribed his name thereto

in the presence of both of these affiants; that, at the request of said testator, affiants wrote their names to his said will in his presence and in the presence of each other; that the subscriptions to the foregoing instrument of writing are genuine, and that the said instrument which is hereto attached is the identical one that affiants so witnessed and saw the said J. P. Bradley sign.''

The above recital, in connection with the further recital in the judgment of the court admitting the will to probate, that ''same is found regular and proof thereof having been made,'' must.be considered as part of the allegations of the petition. So, taken all together, we are convinced that the allegations of the petition do not show that any fraud was practiced upon the court by the successful party in obtaining its judgment admitting the will to probate.

This court, in a long and unbroken line of cases, has held that the fraud for which a judgment will be vacated by the court in which same was rendered must be a fraud practiced by the successful party in the procurement of the judgment itself. A few of the numerous cases are as follows: *Old Amer. Ins. Co.* v. *Perry,* 167 Ark. 200, 266 S. W. 943; *Pugh* v. *Martin,* 164 Ark. 423, 262 S. W. 308; *Estes* v. *Luckey,* 133 Ark. 97, 201 S. W. 815; *Cassidy* v. *Norris,* 118 Ark. 449, 177 S. W. 10; *Burbridge* v. *Gotsch,* 107 Ark. 136, 154 S. W. 200; *Hall* v. *Cox,* 104 Ark. 304, 149 S. W. 80; *Reaves* v. *Conger,* 103 Ark. 446, 147 S. W. 438; *Gray* v. *Parkes,* 94 Ark. 39, 125 S. W. 1023. In the last case (*Gray* v. *Parkes*) it is said:

''The fraud that would give a court of chancery jurisdiction to set aside the judgment of the probate court admitting the will to probate would be fraud that· was practiced upon the court in obtaining the judgment. The allegation that the said Rufus B. Gray, by falsely and fraudulently representing to the probate court that the said will was duly executed by and was the will of Jesse L. Gray, deceived the probate court, etc., was not sufficient to show that a fraud was practiced on the court in obtaining the probate of the will, for other allegations

of the complaint show that the will was executed by Jesse L. Gray. The allegations of the complaint, taken together, show that fraud was practiced on the testator in procuring the will, but not on the court in admitting it to probate.''

While the above rule was announced in cases originating in circuit and chancery courts, yet there is no reason why the same rule should not apply to judgments of probate courts where the ground for setting aside the same is alleged to be fraud in procuring the judgment.

3. The allegations of the complaint setting forth the facts which the complaint alleged constituted fraud and duress upon the testator causing him to make the will, and the facts which she alleged constituted a lack of testamentary capacity, it is unnecessary to set out in detail. We have reached the conclusion that these allegations are sufficiently well pleaded on demurrer to constitute a cause of action. These facts, if true, would justify the probate court, if it had jurisdiction of the cause, in setting aside its judgment probating the will. We are therefore brought, in the next place, to the issue as to whether or not the probate court, under the facts alleged in the petition, had jurisdiction.

Learned counsel for the appellant contend that the probate court had jurisdiction to set aside its former judgment admitting the will to probate, notwithstanding the fact that eleven and a half years had elapsed since the judgment was rendered. In a very able brief they cite authorities to the effect ''that the probate of a will is governed by the rules of ecclesiastical law, except where a change by statute, or where the spirit of our institutions makes the application of them impossible or unwise; and that the proceeding is not a proceeding either at common law or in equity.'' *Lillard* v. *Tolliver*, 154 Tenn. 304, 285 S. W. 576. See also *Waters* v. *Stickney*, 94 Mass. (12 Allen 1), 90 Am. Dec. 122; *Gale* v. *Nickerson*, 144 Mass. 415, 11 N. E. 714; *Cousens* v. *Advent Church*, 93 Me. 292, 45 A. 43; *Vance* v. *Upston*, 64 Tex. 266; *Bowen*

v. *Johnson,* 5 R. I. 112, 73 Amer. Dec. 49; *Md. Trust Co.* v. *Hartford,* 104 Me. 566, 72 A. 745, 129 Am. St. Rep. 415.

Counsel deduce from the above authorities that probate courts have power in this State to grant the relief which the appellant seeks because, they say, neither the Constitution nor the statutes of the State prohibit it, and therefore these courts have the right to exercise such power as a necessary implication from the general powers conferred upon them under the Constitution and statute giving them original jurisdiction in matters relating to the probate of wills. Article 7, § 34, Constitution of 1874, § 2256 C. & M. Digest. Counsel say that the issue here presented is one of first impression in this State, and they urge us to adopt the holding of the cases cited by them on this issue from other jurisdictions, contending that to hold otherwise in this case would be violative of the 14th Amendment to the Constitution of the United States, commonly known as the due process clause, and also violative of § 13, art. 2, of the Constitution of the State of Arkansas of 1874, to-wit: "Every person is entitled to certain remedy in the laws for all injuries or wrongs he may receive, in his person, property, or character." We cannot concur in these views of counsel and cannot heed the pronouncements of courts of other jurisdictions on this issue, for we believe that we are precluded from so doing by previous decisions of this court. While it is true that the precise question has not been decided, this court, in effect, and for all practical purposes, in at least two cases has ruled contrary to the contention of counsel and the decisions of the other State courts named.

In *Lewis* v. *Rutherford,* 71 Ark. 218, 72 S. W. 373, we said: "It is well to remember that these tribunals (probate courts) have only such special and limited jurisdiction as is conferred upon them by the Constitution and the statutes, and can only exercise the powers expressly granted, and such as are necessarily incident thereto. They have no general equity jurisdiction."

Section 2258 of C. & M. Digest provides: "Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof," etc. This court, in *Hogane* v. *Hogane,* 57 Ark. 508, 22 S. W. 167, construing a similar statute, § 1386, Mansfield's Digest, held (quoting syllabus): "A judgment of the probate court *admitting a will to record is a final order or judgment from which an appeal lies at any time within twelve months after the rendition thereof.*"

In *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, 42 S. W. 536, we held (quoting syllabus): "Where a will is admitted to probate *in the common form in the probate court, without notice to interested persons, they may make themselves parties by perfecting an appeal to the circuit court in order to contest the will.*"

In *Jenkins* v. *Jenkins,* 144 Ark. 419, 222 S. W. 714, the facts were that P. G. Jenkins died, leaving a will, which was admitted to probate in *common form* without notice. Two of his children who were minors at that time sought to contest the will on the ground of undue influence in its execution, and they claimed that, on account of their minority, they had the right to have the will probated in solemn form, or, in other words, to contest it, although more than one year had elapsed since the will was probated. In that case we quoted from *Ouachita Baptist College* v. *Scott, supra,* in part as follows:

"If the will has been probated in the more solemn form (that is, upon notice to all interested to appear in the probate court at the probation), then, of course, this particular question does not arise. If, however, as in the present case, the probation is in the common form, and parties interested have not been summoned to appear and make objection, then we think it but a fair and reasonable construction to put on the statute that parties interested may file the affidavit provided in the statute within the twelve months allowed, and thus make themselves parties to the probate proceedings for the pur-

pose of taking an appeal from the order of probation to the circuit court, wherein, in such case, the real contest of the will may be made on the grounds set forth in their petition, which, of course, will necessarily show their relationship to the deceased. This ruling is one of first impression in this court, but is in harmony with the suggestion contained in all of our more recent decisions, although these decisions contain mere suggestions or intimations on the subject, and nowhere decide the particular question. Furthermore, since the decisions of this court have left no other remedy to the contestant, who has not been given a day in court, this ruling meets the requirements of the constitutional provision which declares that 'every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive, in his person, property or character.' ''

After quoting the above language, this court (in *Jenkins* v. *Jenkins*) continues:

''The statute under construction in that case is the one applicable here, and *it contains no saving clause in favor of infants, and the court can make none. A saving from the operation of the statute for the disability of minority must be expressed, or it does not exist. Hence it has been held that, where the time for contesting probated wills is limited by statute and there is no saving clause in favor of infants, none exists.* (Citing authorities).''

In *Robertson* v. *Robertson,* 144 Ark. 556, 223 S. W. 32, we said: ''The right to contest a will is not an inherent or constitutional right. Such a right is purely statutory, and does not exist independent of statutory authority.'' The validity of State statutory proceedings admitting wills to probate in common form is recognized by the Supreme Court of the United States in *O'Callahan* v. *O'Brien,* 199 U. S. 89, 25 S. Ct. 727, 50 L. ed. 101, and in *Bent* v. *Thompson,* 138 U. S. 116, 11 S. Ct. 238, 34 L. ed. 902.

To grant the relief which appellant seeks by the petition herein, it seems to us we would have to overrule

the cases of *Ouachita Baptist College* v. *Scott* and *Jenkins* v. *Jenkins, supra.* These decisions have become rules of property in our State, and to overrule them would have a far-reaching effect and be disastrous to property rights that may have been built upon them.

The judgment of the trial court sustaining the demurrer to appellant's petition and dismissing the same is correct, and it is therefore affirmed.