REEVES v. BRIDGES.

4-4465

Opinion delivered December 7, 1936.

*Stevens & Stevens,* for appellants.

*Wade Kitchens* and *W. H. Kitchens, Jr.,* for appellees.

MEHAFFY, J. On June 19, 1926, J. T. Finley made a will, the third paragraph reading as follows:

"I give and bequeath to my beloved wife, Mary A. Finley, and my beloved daughter, Annie Lee Finley, for and during their lifetime, all my real estate, and after their death I give said real estate to W. S. Bridges in fee."

J. T. Finley died on September 12, 1926. The will was probated October 1, 1926. The probate court found that the will was executed at the time and place and by the person mentioned, and that at the time of signing said instrument, J. T. Finley was of sound and disposing

mind and memory; that it was signed in the presence of the affiants, and at the testator's request and in his presence, and in the presence of each other; witnesses signed their names, and that the writing was genuine and the instrument is the identical one that affiants witnessed and saw Finley sign. The probate court further found that the will was executed with the formality and solemnity and under the circumstances required by law to make it a valid will, and that the same had not been revoked by the testator. It also found that W. S. Bridges was named as executor, and the court adjudged "that the instrument be and it is hereby admitted to probate," and ordered recorded as the law directs, and further ordered that W. S. Bridges be appointed executor of the estate of J. T. Finley.

At the time of Finley's death Mary A. Finley and Annie Lee Finley were living on the property and continued to live there until their deaths. Mary A. Finley, the widow of J. T. Finley, died on March 21, 1931, and Annie Lee Finley died on October 9, 1933.

On May 13, 1931, Annie Lee Finley made a will in which she bequeathed the property to James Green Reeves, Jr., Robert Lee Reeves and Leo Bethel Reeves, and Richard Curtis Reeves, and this will was probated after the death of Annie Lee Finley.

W. S. Bridges died intestate on February 25, 1931. On February 5, 1935, this suit was begun, a complaint was filed by Mrs. Maud Bridges, administratrix of the estate of W. S. Bridges, and the heirs of W. S. Bridges against the appellants.

The appellants filed answer and cross-complaint. In the answer they denied the allegations of the complaint, and in the cross-complaint denied that the will relied on by appellees was the will of J. T. Finley, and further alleged that at the time the will was made Finley was 82 years of age, weak in body and mind, and that he died less than three months from the date of the will. They also alleged that at the time the will was made that Mary A. Finley was 83 years of age and in feeble health, wholly unable to care for herself, and that at that time Annie

Lee Finley was about 65 years of age, and was a deaf-mute. They further allege that W. S. Bridges was to support and maintain Mary A. Finley and Annie Lee Finley, and allege that he did not support and maintain them. It was alleged that the will was void because it affected the homestead of Finley.

Appellees filed a demurrer which was sustained by the court, and this appeal was prosecuted to reverse the judgment of the court in sustaining the demurrer.

Section 2256 of Crawford & Moses' Digest provides that the probate court shall have original jurisdiction in all matters relating to the probate of last wills and testaments, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates.

The judgment of the probate court is final, unless appealed from within the time allowed by law. It is final except for fraud. The judgment of the probate court in this case was not appealed from.

The appellants first contend that the demurrer, having admitted the nonexistence of the will, should not have been sustained. The answer admits that the will was probated, and, as we have already shown, the probate court held that it was genuine, and no appeal was taken from that judgment of the probate court. It is true that probating the will did not prohibit the appellants from attacking the will, but they would have to attack it in the probate court, and about seven years elapsed after the will was probated before Annie Lee Finley died. Appellants state that Annie Lee Finley did not know the legal effect of the will. She did know, however, that the will was probated, and had a right to contest the will in probate court, but this she did not do.

It is also contended by appellants that the widow and daughter of Finley occupied the property for several years, and that Bridges made no claim to it. They had the right, under the will, to occupy it because Bridges' rights did not accrue until the death of the widow and daughter. The will gave to the widow and daughter the property during their lifetime, and after their death it

was to go to Bridges. *Hayden* v. *Hill,* 128 Ark. 342, 194 S. W. 19.

Appellants also contend that the will was void because the property conveyed or bequeathed was the homestead of Finley, and they quote and rely on § 5542 of Crawford & Moses' Digest, which reads as follows:

"No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same."

This will did not affect the homestead in any way. The homestead of the widow and children, when the owner dies, is the right to occupy and receive the rents and profits during the life of the widow and the minority of the children. Section 6, article 9, of the Constitution.

Bridges, under the will, was given no right at all until the homestead ceased to exist. His rights did not accrue until both the widow and daughter died, and § 5542 has no application.

If all the facts alleged and claimed by appellants are true, still the chancery court would have no jurisdiction, and the remedy would be in the probate court.

This court, in discussing appeals from the probate court, said: "It does not, it is true, specifically mention orders admitting wills to record. But such orders are clearly within the terms of the act when it declares that 'appeals may be taken to the circuit court from all final orders and judgments of the probate court.'" *Hogane* v. *Hogane,* 57 Ark. 508, 22 S. W. 167.

This will was admitted to probate in common form, but this court has said: "If, however, as in the present case, the probation is in the common form, and parties interested have not been summoned to appear and make objection, then we think it but a fair and reasonable construction to put on the statute that parties interested may file the affidavit provided in the statute within the twelve months allowed, and thus make themselves parties to the probate proceedings for the purpose of taking an appeal from the order of probation to the circuit court, wherein,

in such case, the real contest of the will may be made on the grounds set forth in their petition, which, of course, will necessarily show their relationship to the deceased.'' *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, 42 S. W. 536.

It will, therefore, be seen that under the decisions of this court the widow and daughter could have filed affidavits making themselves parties to the probate proceedings, and appealed to the circuit court where the contest of the will could have been made, and this was their remedy.

Where a will is admitted to probate in the common form in the probate court without notice to interested persons, they may make themselves parties by perfecting an appeal to the circuit court in order to contest the will. *Dunn* v. *Bradley,* 175 Ark. 182, 299 S. W. 370.

The interested parties had a complete and adequate remedy at law, the remedy pointed out by the decisions above referred to, and failing to avail themselves of this remedy, they could not attack the will in chancery court by alleging that Bridges committed a fraud on the testator. There is no allegation and no claim that a fraud was committed on the probate court.

The decree of the chancery court is affirmed.