Lusk v. Perkins & George.

---

## LUSK v. PERKINS & GEORGE.

1. PLEADING AND PRACTICE: *Reply.*
   A reply to an answer is not admissible unless the answer contains a counter claim or set-off, and if filed, should be stricken out.

2. COUNTY WARRANTS: *Cancellation, notice, etc.*
   The notice of the order of the county court, calling in county warrants for cancellation and re-issue, must be published in more than one newspaper, or the holders of the warrants will not be barred by failing to present them within the time required by the order; and in the absence of any record evidence to the contrary, parol evidence to prove that it was published in only one newspaper is admissible.

3. SERVICE OF NOTICE: *Recital of, in judgment.*

The recital in a judgment, based upon constructive notice by publication previously ordered by the court, "that due and legal notice of said order had been given as required by law," will be construed, in connection with the previous order, and if that direct insufficient notice the recital is not evidence of proper notice.

4. SAME: *Same. Order for publication of notice.*

No presumption can be indulged in favor of the legality of the notice of an order of the county court for calling in county warrants. It is an order which seeks to conclude the rights of parties by publication or constructive service, and a strict compliance with the requirement of the statute must be shown.

5. SAME: *Evidence of purpose for which it was issued.*

County warrants regularly issued are themselves evidence of the purpose for which they were issued.

6. SAME: *Issued during the war, receivable for fines. Mandamus.*

A county warrant issued during the war for ordinary county expenses is receivable in payment of fines; and an officer charged with the collection of the fine may be compelled by mandamus to receive it.

APPEAL from *Sevier* Circuit Court.

Hon. H. B. STUART, Judge.

*Jones & Martin*, for appellant.

1. All fines are payable in county scrip. *Mansf. Dig.*, *sec. 5860; 43 Ark., 270.* The constable should have received it, if valid, and mandamus was the proper remedy. *28 Ark., 317; 33 ib., 450.*

2. The scrip upon its face shows that it was regularly issued for the legitimate expenses of the county, and until the *prima facie* case thus made is rebutted by evidence, it must be treated as a valid warrant. *38 Ark., 277.*

3. The order calling in the warrants shows that it was to be published in but one newspaper. This was not a compliance with the statute, and could not affect the scrip-

holder. *Mansf. Dig., sec. 1148; 33 Ark., 740; 10 Fed. Rep., 891.*

4. The court erred in not permitting appellant to prove that there was no such evidence of the publication of the order as is required by the statute. *10 Fed. Rep., 891.*

*Compton & Compton,* for appellees.

Parol testimony was clearly inadmissible to contradict the order and judgment of the board of supervisors, which recited that "due and legal notice of said order having been given as required by law." *11 Ark., 368; 14 ib., 9; 4 ib., 184.*

This court will presume, in the absence of evidence to the contrary, that there was proof before the board of the publication in more than one newspaper. See *39 Ark., 337; 17 ib., 530; 42 ib., 310.*

GATEWOOD, Special Judge. Appellant Lusk was fined by appellee Perkins, a justice of the peace, of Sevier county, and in payment of said fine tendered to appellee, George, as constable, a county warrant issued in 1862, by order of the Sevier county court, for ordinary county expenditures; which warrant the appellee, George, as constable, refused to receive.

The warrant had been presented to the county treasurer of Sevier county, and indorsed "not paid for want of funds."

This suit was in the Sevier circuit court, for the purpose of obtaining a mandamus to compel George, as constable, to receive said warrant in payment of said fine, and for a restraining order against the justice of the peace, Perkins, to restrain him from issuing an execution against appellant

Lusk v. Perkins & George.

for said fine. The appellees answered, admitting the allegations of the complaint, except as to that part which alleges the warrant was issued "for the legitimate expenses and liabilities of said county, and not in aid of the rebellion or other unlawful purpose;" as to which they say, "they have no knowledge or information sufficient to form a belief;" and they deny that said warrant was issued for legitimate county purposes.

They set up as a further defense, that the board of supervisors of Sevier county, on the 9th day of July, 1873, made an order calling in for the purpose of examination, cancellation and reissuance, all outstanding warrants of the county; that the notice required by law, and the order of said court were duly given, and that the warrant tendered to the constable was never presented to the board of supervisors, in accordance with said order, and was therefore void.

A general demurrer was filed with the answer, which does not appear to have been acted upon by the court.

A reply was filed by appellant, admitting the making of the order by the board of supervisors, denying that the order fixed the time for presentation of the warrants three months from its date, and denying that the notice of said order was given as required by law.

Upon motion of appellees, the court struck out the reply of appellant, to which he excepted. A trial was had and appellant offered to prove by the clerk and sheriff both of whom were clerk and sheriff in 1873, when the order calling in the warrants was made, that the order of the board of supervisors was published in only one newspaper in the state: by the sheriff that he published the notice in only one newspaper in the state, and the same fact by the clerk, and by him also, that there was no record in his office that any notice at all of the order of the board had

16–48

ever been published.   An objection to this testimony was interposed by appellees, and sustained by the court; to which ruling of the court appellant excepted.

Appellant asked eight declarations of law, the first seven of which being condensed, asked the court to declare that section 1148 of Mansfield's Digest required that the order of the board of supervisors of Sevier county, should be published in *newspapers* of the state, and before the order could be effectual to bar the warrant presented, the notice required by the statute must have been published in more than one newspaper in the state.   Eighth —that the warrant in evidence, is proof of its own issue and of the purpose for which it was issued, unless contradicted by proof; the court refused to give, in any form, either of these instructions, and appellant excepted.

Appellees asked two declarations of law: First—that the allegation in plaintiff's complaint, that the warrant tendered to defendant, George, as constable, in payment of his fine, was issued by order of the county court of Sevier county, to pay the legal expenses and legitimate liabilities of the county, and not in aid of the rebellion or other unlawful purposes, was a a material allegation in said complaint, and being contoverted by the defendant, the court must find for the defendant, unless said allegation has been proven.

The second instruction asked for, is quite lengthy, but in substance is as follows:  " That the judgment or order of a court of record being rendered by public authority, is presumed to be faithfully recorded, and is the only proper legal evidence of itself, and is conclusive of the fact of the rendition of the judgment, and all legal consequences resulting therefrom; and if it appears from the record of the judgment of Sevier county court, read in evidence in this cause, that due and legal notice had been

given of the order of the county court, calling in the warrants of the county, said record is conclusive evidence of that fact, and parol evidence is not admissible to contradict the record, and the court will find for defendants."

The court gave both declarations of law asked for by defendants; to the giving of which appellant excepted. Judgment was rendered for appellees. Motion for new trial was filed, which was overruled; bill of exceptions setting out evidence, exceptions, etc., were taken, and an appeal prayed and granted.

Appellant complains of error by the court: First—in striking out his reply to appellees' answer.

Second—in refusing to permit him to prove by the sheriff and the clerk of the county, that the order of the board of supervisors was published in only one newspaper in the state; and that there was no record evidence that any notice at all of the order had ever been published.

Third—in refusing to declare the law, as asked by him, and declaring it as asked for by appellees.

The court did not err in striking out the reply of appellants. "There can be no reply except upon the allegation of a counter claim or set-off." *Mansfield's Digest, sec. 5043; Newman on Pleading and Practice, page 627.*

1. PLEADING AND PRACTICE: Reply.

A reply improperly filed should be stricken out. *Cannon v. Davies, 33 Ark., 56; Abbott v. Rowan, ib., 593.*

Did the court err in refusing to permit appellant to introduce proof showing that the order of the board of supervisors of Sevier county had been published in but one newspaper in the state, and that there was no record evidence that said notice had ever been published? Section 1147, of Mansfield's Digest, empowers the county court to call in the outstanding warrants of the county, for the purpose of redeeming, cancelling or classifying them, or for any lawful purpose.

2. SERVICE OF NOTICE: Recital of, in judgment.

Section 1148, of same, provides for giving notice to the holders of county warrants when to present the same for redemption, cancellation, reissuance or classification; the sheriff of the county to give the notice "by putting up at the court house door, and at the election precincts in each township of said county, at least thirty days before the time appointed by the order of said court for presentation of said warrants, a true copy of the order of said court in the premises, and publishing the same in *newspapers* printed and published in the state of Arkansas, for two weeks in succession, the last insertion to be at least thirty days before the time fixed by said court for the presentation of said warrants." *Allen v. Bankston, collector, 33 Ark., 740*, was a case in which the county court of Desha county had made an order calling in county warrants similar to the one made by the board of supervisors of Sevier county, in this case, but the sheriff published the notice in but one newspaper in the state. Allen failed to present his warrants, although he had personal notice of the order. In that case this court held that "when the notice of an order of the county court, calling in warrants for cancellation is published in only one newspaper, the warrants will not be barred by the failure of the holder to present them within the time required by the order, though he have actual notice of it. That the statute manifestly requires the order to be published in more than one newspaper, leaving the selection of the paper to the discretion of the sheriff."

The publication of the order of the board of supervisors of Sevier county for the length of time required by law in more than one newspaper in the state, was essential to the validity of the order.

The appellant offered to prove that it was published in but one newspaper, and that there was no record evidence

that it had ever been published, but he was not permitted to make this proof. The proof tendered, if made, would have shown that the law had not been complied with in the publication of the order, and as a result from this proof, that the warrant tendered in payment of his fine was not invalidated by the order of the board of supervisors of Sevier county, and was a proper tender in payment of his fine. In the absence of any record evidence showing that the order had been published in more than one newspaper, it is difficult to comprehend how a noncompliance with the law in the publication of said order could have been shown, other than in the manner proposed by appellant. He should have been permitted to introduce the testimony proposed. Its exclusion by the court was therefore error.

It appears that the board of supervisors in making an order reissuing some of the warrants presented, after reciting the previous order of the board, say, " and due and legal notice of said order having been given as required by law," which recital appellees contend is sufficient evidence itself that the notice of the order had been published in more newspapers than one in the state. The order of the board of supervisors of Sevier county, calling in the outstanding warrants of the county, was made July 9, 1873, and fixed the 10th of October as the time for presenting the warrants, and directed the sheriff to have the order published " in the official journal of the district, designated by the governor for the publication of legal notices." The words, " due and legal notice of said order having been given as required by law," in the order of October 10th, refers to, and must be read with, the order made July 9, 1873, which directed the sheriff to publish the notice " in the official journal of the district, designated by the governor for the publication of legal notices," and

3. COUNTY WARRANTS Cancellation: Notice to scrip holders: Proof of.

meant a publication in only one paper, to wit: "The official journal of the district."

**4. SAME:**
**Same: Order for publication of notice.** There can be no conclusiveness or even presumption indulged in favor of the legality of the notice given of the order of the board of supervisors of Sevier county. It is of a class of orders which seeks to conclude the rights of parties by public notice, or constructive service, and a strict compliance with the requirements of the statutes must be shown. " It is a rule without qualification or exception, that when it is sought to conclude a party by constructive service by publication, a strict compliance with the requirements of the statute is required; nothing can be taken by intendment, and every fact necessary to the exercise of jurisdiction based on this mode of service must affirmatively appear in the mode prescribed by statute." *Cissell v. Pulaski county, and cases there cited; 10 Fed. Rep., 891.*

This court, while not using this language, has, in effect, held this statute for calling in county warrants must be strictly complied with. *Fry, collector, v. Reynolds, 33 Ark., 450; Howell v. Hogins, collector, 37 Ark., 110; Allen v. Bankston, 33 Ark., 740.*

The declaration of law asked by appellant in his first seven instructions should have been given in some form, and the declaration contained in appellees' second instruction was not applicable to the case, and should have been refused.

**5. SAME:**
**Purposes for which issued.** It is alleged in appellant's complaint that the warrant in controversy was issued by the county court of Sevier county "for the legitimate expenses and liabilities of the county, and not in aid of the rebellion or other unlawful purpose." Appellees contend that this was a material allegation in the complaint, and being denied, it devolved upon appellant

Lusk v. Perkins & George.

to prove it, and not having done so, judgment must be rendered on the pleadings against appellant. Was this a material allegation? "A material allegation in a pleading is one essential to the claim or defense, and which could not be stricken out from the pleadings without leaving it insufficient." *Mansf. Dig.*, *sec. 5073; Newman on Pleading and Practice, 502*. It would have been sufficient to allege, in the language of the warrant itself, that it was issued "for ordinary county expenditures," and the words, "for the legitimate expenses and liabilities of the county, and not in aid of the rebellion or other unlawful purposes," were unnecessary and surplusage, and might well be stricken out, leaving a good complaint standing. The warrant was copied in full in the complaint, and there was no more occasion for such an allegation as this than there would be in declaring upon a note to set out the original consideration, with the further allegation it was not executed for an immoral or illegal purpose.

But if this had been a material allegation, the proof sustaining it was made when the warrant copied in the complaint was received in evidence. It was not denied that the warrant was regularly issued by the county court of Sevier county. County courts are not authorized to issue warrants except in payment of county indebtedness, and the warrant having been regularly issued was evidence of the purpose for which it was issued. Appellant's eighth instruction should have been given.

The fine imposed upon appellant was a debt to be paid 6. SAME: into the county treasury of Sevier county for county pur- Receivable for fines. poses, *Mansf. Dig.*, *sec. 5860*, and the warrant tendered was receivable in payment of this debt. *Ib.*, *1146*.

The judgment of the court below is therefore reversed and remanded, with instructions to grant appellant a new trial, and to proceed in the case in accordance with this opinion.