### BREINING *v.* LIPPINCOTT.

### Opinion delivered June 11, 1917.

1. PLEADING AND PRACTICE—FILING OF REPLY.—Under the code, the filing of a reply is unnecessary and improper, unless a counter-claim or set-off has been pleaded by way of answer; in the event a reply is filed to an answer containing no counter-claim or set-off, the proper practice is to strike the reply from the files.

2. SEDUCTION—STATEMENT OF CAUSE OF ACTION.—*Held*, plaintiff in her complaint stated a cause of action against defendant, for the seduction of plaintiff's daughter, and that the trial court improperly dismissed the same.

3. SEDUCTION—SETTLEMENT OF ACTION—ACCORD AND SATISFACTION.— Appellant sued appellee for damages for the seduction of appellant's daughter. Appellee plead a release reciting the receipt of a certain sum by appellant and her daughter, they agreeing "to drop all charges which we might claim against him to date." *Held*, the instrument did not constitute an accord and satisfaction, and that oral evidence was admissible to show damages sustained not covered by the release.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; reversed.

*Rhoton & Helm*, for appellant, *Gardner K. Oliphint*, on the brief.

1. The court erred in not treating the demurrer to the reply and first amendment thereto as a motion to strike, and in not striking the reply from the pleadings, as it was an improper pleading. Kirby's Digest, § 6108. The character of a pleading is to be determined from its allegations and not its name. 54 Ark. 468; 58 *Id.* 136;

74 *Id.* 101; 99 *Id.* 377.   The answer contained no set-off, nor counter-claim—a reply was not permissible.   Improper pleadings should not be allowed.   44 Ark. 292; 33 *Id.* 56, 593; 60 Fed. 252; 98 Ark. 211; 104 *Id.* 325; 48 Ark. 238.   It was error to dismiss the complaint. The demurrer should have been overruled.   93 Ark. 371.   No reply was necessary.   33 Ark. 737; 82 *Id.* 110.   See also 10 Ark. 147; 12 *Id.* 602; 29 *Id.* 603, 611; 83 *Id.* 286.

2.   The rule forbidding parol testimony does not apply where there is an issue of fraud in the procurement of the writing.   82 Ark. 110; 13 *Id.* 593; 19 *Id.* 102; 46 *Id.* 122; 71 *Id.* 185; 92 *Id.* 504; 95 *Id.* 150.

3.   There was no accord and satisfaction and parol evidence was admissible to explain and make certain the written receipt.   Only $500.00 was paid to the daughter and nothing to the mother.   It was obtained by fraud and deceit.   5 Ark. 62; 21 *Id.* 358; 96 *Id.* 410; 93 *Id.* 18; 74 *Id.* 286.   The receipt was only *to date.*   Plaintiff was entitled to recover all damages up to the date of trial. 85 Fed. 527; Suth. on Dam. (2 ed.) § 113; 235 U. S. 531; 147 U. S. 591, 615-16.   The injury was not settled for as an entirety at the time the receipt was given.   92 Ark. 465; 1 Suth. on Dam. (4 ed.) 52; 56 Vt. 158; 3 Jones Com. on Ev. 384.   See also Fed. Cas. No. 8143; 44 Mo. 444; 100 Am. Dec. 304; 45 N. W. 790; 11 Pac. 421; 141 U. S. 564; 124 S. W. 39; 15 Ark. 549; 100 *Id.* 360; 13 *Id.* 112; 90 *Id.* 272, and many others.   Many other questions are argued and authorities cited, but the court does not pass upon them.

We ask the court to rule that the instrument is not a release but a mere receipt, subject to explanation by parol; that it only purported to release claims to *its date* and that it was an unexecuted contract.   100 Ark. 360, and cases cited *supra.*

*Gus Fulk* and *Frank B. Pittard,* for appellee.

1.   The court properly sustained the demurrer to the reply and amendment thereto, as it raised only an

issue of law as to the release and its effect. The court properly treated the demurrer as reaching the whole of plaintiff's action and dismissed the complaint. 1 Phillips' Evidence (4 Am. ed.) 795.

Appellant admitted that the money was paid in an effort to settle all claims; that she accepted same is proven by the instrument signed by her. By accepting the money and executing the release, defendant was discharged of *all* liability and she is bound by her settlement. 102 Ark. 116; 114 *Id.* 559; 115 *Id.* 238; 117 *Id.* 524. If a fact is admitted by the pleadings, proof is dispensed with. 74 Tex. 8; 1 R. C. L. 496, § 35. Even a pleading not authorized by law is evidence against the party. 1 Enc. Ev. 422; 49 N. W. 300. Such admissions are taken as true against the party making them. 1 Greenl. on Ev. 205, § 27; 68 Ind. 219.

The second amendment to plaintiff's reply strengthens the position of the court in sustaining the demurrer. She admitted she executed the instrument for the purposes mentioned and can not be heard to set up absolutely inconsistent and contradictory positions. 104 Ark. 287; 41 Oh. St. 100; 10 Ala. (N. S.) 478; 12 Mich. 314; 27 Ill. 257; 105 Ark. 406.

2. There was no gross abuse of discretion in striking the second amendment to the reply from the files. 33 Ark. 240, 248; 32 *Id.* 244; 33 *Id.* 307; 78 *Id.* 306; 68 *Id.* 315; 60 *Id.* 527; 75 *Id.* 465; 104 *Id.* 276; 120 *Id.* 601, etc.

3. The instrument plead was an accord and satisfaction; a solemn release of all claims, and parol testimony was not admissible to vary or contradict it. 114 Ark. 559; 78 *Id.* 574; 46 *Id.* 217; 105 *Id.* 213; 94 *Id.* 161; 102 *Id.* 428; 95 *Id.* 131; 105 *Id.* 50; 78 *Id.* 574; 79 *Id.* 256; 62 *Id.* 342; 75 *Id.* 354; 100 *Id.* 251, and many others. Its terms are clear, certain and unambiguous. 115 Ark. 127. It was in full satisfaction of plaintiff's cause of action. 114 Ark. 564; 117 *Id.* 524, etc.

4. The instrument was an executed accord, and recites the consideration paid and accepted in full, and is not subject to contradiction by parol testimony. 85 Ark. 441; 115 *Id.* 348; 85 *Id.* 439.

Argue other points not decided.

HUMPHREYS, J. Appellant brought suit against appellee in the Third Division of the Pulaski Circuit Court on January 25, on account of the alleged seduction of Mae Breining by appellee on or about the 1st day of April, 1913. Upon former appeal to this court, it was held that the complaint stated a cause of action for personal injury sounding in tort, and hence was not barred by the one year's statute of limitations. The case was reversed and remanded with instructions to the circuit court to overrule the demurrer and proceed with the cause.

Appellee answered, denying the allegations of the complaint, and, by way of affirmative defense, pleaded a written accord and satisfaction. The writing is as follows:

"January 2, 1914.

Received of J. W. Lippincott the sum of $600.00, six hundred cash in hand paid me (or us) and hereby agree to drop all charges which we might claim against him to date.

Signed: Mrs. G. W. Breining.
Mae Browning."

Appellant filed a reply, denying the execution of an accord and satisfaction in final settlement of her cause of action; or the execution of any accord and satisfaction, or that she had accepted any sum of money in settlement of her cause of action. She further alleged in her reply that appellee had delivered either five or six hundred dollars to her daughter in an attempt to settle any and all claims that existed or might accrue against him on account of the matters pleaded in the complaint, but that appellant never accepted or received any por-

tion thereof in settlement of her cause of action, and denied that the payment constituted a settlement of her cause of action. An amendment was filed to the reply, denying, first, that there was any accord; second, that there was satisfaction.

A demurrer was filed and sustained to the reply and first amendment thereto, the court ruling that appellant would be bound on the accord and satisfaction set out in the answer. The court further stated in the course of its opinion that if certain conditions were pleaded, the matter of settlement would be a question for the jury. After recess for the noon hour, the appellant presented a second amendment to her reply, admitting that she signed the release, accord and satisfaction or receipt, but alleged that her signature thereto was procured through the deceit and fraud of appellee's agent, who represented to her that the instrument would in no wise preclude her from prosecuting her claim against appellee, growing out of the seduction of her daughter; that she did not read the instrument but relied wholly and entirely upon the representation as to its purport and effect; that the promise of $600 and payment of $500 of said amount was to cover the expenses incident to the birth of the child and was promised and paid to her daughter and not to appellant. A demurrer was filed to the second amendment to the reply and overruled by the court.

The court on its own motion then struck the second amendment to the reply to the answer from the files for the stated reason that it was an afterthought and inconsistent with the first reply.

Thereupon, the appellant refused to plead further and the court dismissed her complaint.

Objections were made and exceptions saved to all adverse rulings.

From the judgment dismissing the complaint, an appeal has been prosecuted to this court.

(1)　It is insisted by appellant that the court erred in not treating the demurrer to the reply and first amendment thereto as a motion to strike and in not striking the reply from the files for the reason that it was an improper pleading.　Under our code, it is wholly unnecessary and improper to file a reply unless a counter-claim or set-off is pleaded by way of answer. Kirby's Digest, § 6108; *Abbott* v. *Rowan,* 33 Ark. 593; *Lusk* v. *Perkins & George,* 48 Ark. 238; *A. L. Clark Lbr. Co.* v. *Johns,* 98 Ark. 211; *Prioleau* v. *Williams,* 104 Ark. 322.

In the event a reply is filed to an answer containing no counter-claim or set-off, the proper practice is to strike the reply from the files. *Cannon* v. *Davies,* 33 Ark. 56; *Abbott* v. *Rowan,* 33 Ark. 593; *Lusk* v. *Perkins & George,* 48 Ark. 238.

It is quite apparent that the court did not treat the reply and first amendment as a demurrer to the answer relating back to the complaint, for the reason that he sustained the demurrer to the reply and amendment and permitted the complaint and answer to remain intact until after the noon hour; and after the noon hour, entertained a second amendment to the reply and overruled a demurrer thereto.　Neither did the court treat the reply and second amendment as a demurrer to the answer relating back to the complaint, but on the contrary, struck it from the files because it was inconsistent, in its opinion, with the reply and first amendment.　The court then dismissed the complaint because appellant refused to plead further.

(2)　It is insisted, however, by appellee that the reply and first amendment thereto, even if an improper pleading, was a solemn admission that she had received payment in full for all claims and charges growing out of the transactions alleged in the complaint.　Counsel for appellee cite much authority to sustain them in their proposition that parties may admit themselves out of court by filing improper and unnecessary pleadings containing solemn and unequivocal admissions which

would preclude a recovery. It is unnecessary to define
the law in this particular, for we think the interpreta-
tion placed upon the reply and first amendment thereto
by counsel and court was too narrow. The language
of the reply and amendment was broad enough to mean
that it was not executed in settlement of her claim at all.
Giving the plea its broadest construction, it is not in-
consistent with the second amendment to the reply to
the effect that her signature had been procured through
the representation that the money was to go to her
daughter to liquidate her claim for expenses leading up
to and incident to the birth of the child. The plea
states in so many words that the money was paid to her
daughter in an effort to settle any and all claims grow-
ing out of the acts set forth in appellant's original com-
plaint, but denies that any part thereof was paid to her
in settlement of her cause of action. Under the rule
insisted upon by appellant, the plea must be an un-
equivocal admission of facts, which, if true, precludes
recovery. We do not think the reply and first amend-
ment was an unequivocal admission that appellant had
settled her claim in full, nor do we think them necessarily
inconsistent with the second amendment to the reply.

The complaint and answer in the instant case prop-
erly pleaded the issues involved, and the cause should
have been heard upon the issues joined by the complaint
and answer without encumbering the record with re-
plies, amendments thereto, and demurrers to the reply
and amendments. The complaint states a good cause
of action. *Breining* v. *Lippincott,* 125 Ark. 77.

For the error indicated in dismissing the complaint,
the judgment must be reversed.

(3) Under our view of the status of the pleadings,
it may be regarded as *obiter dicta* to decide whether the
terms of the accord and satisfaction were sufficiently
definite and certain to preclude appellant from prose-
cuting a claim for damages. The language of the judg-
ment indicates that the learned judge who presided in

the trial of this case entertains the opinion that the language of the accord and satisfaction is broad enough to cover all damages to which appellant is entitled, and is not ambiguous in its terms. Irrespective of whether ambiguous, or a definite and certain release in full, if obtained by fraud and deceit, it can have no binding effect as a defense in this suit. If not obtained by deceit and fraud, then the construction of the instrument will become a vital issue in the case. In order to prevent another appeal by either party to obtain a construction of the writing, we will now decide whether it contains elements of ambiguity sufficient to admit oral evidence in explanation of its meaning and intendment.

We do not understand there is any material difference between learned counsel concerning the rule of law that plain, unambiguous, complete contracts can not be explained by parol testimony; or, to state the rule conversely, that only contracts ambiguous in terms can be explained by oral evidence; so we refrain from encumbering this opinion with argument and citation in support of the rule.

Holding the instrument by the four corners, it must he said that the language is contractual in nature, so the accord and satisfaction can not be treated as a mere receipt, which is always subject to explanation by oral evidence. The instrument, however, only purports to release all claims or charges to the date of its execution. It is plain the parties had in mind other claims of damages growing out of the seduction not accrued at the time the instrument was signed. There is sufficient ambiguity in the instrument to admit oral evidence in explanation of what claim or damages was or was not intended to be covered by the writing.

For the error indicated, the judgment dismissing the complaint is reversed with instructions to proceed with the trial of the cause in accordance with this opinion.

McCULLOCH, C. J. (dissenting). The reply filed by appellant and the amendment thereto were unauthorized, but the facts therein stated constituted solemn admissions in the record which it was proper for the court to consider in determining whether or not there was an issue of fact to be submitted to the jury. 1 Ruling Case Law, p. 496; 1 Encyclopedia of Evidence, p. 422. This rule is stated as follows in the Encyclopedia of Evidence:

"A party may admit a fact by a mistake made in filing the wrong pleading. * * * And it may be stated generally that where such a pleading only, is filed, as will put in issue a part of the matters alleged, all other facts well pleaded are admitted."

The reply, as supplemented by what was termed in the pleadings as the first amendment, contained no denial of the execution of the release. The matter pleaded reached only to the effect of the release and constituted a statement *aliunde* of what the parties intended by the execution of the release. Instead of striking the amendment from the files as an inappropriate and unauthorized plea, as the court might have done, it met the argument of both parties and considered the plea on its merits as an appropriate one, and sustained a demurrer to it for the reason that it did not state grounds for avoiding the effect of the release.

The trial court had the view that the release was contractual in its nature and was unambiguous in its terms, and could not be varied by parol testimony. It seems to me that the court's view of the matter was the correct one. *Williams* v. *Chicago, R. I. & P. Ry. Co.,* 109 Ark. 82.

I do not think that the majority of the judges of this court are correct in their decision that the release was limited in its effect to "claims or charges to the date of its execution." It constituted an agreement to release claims on all charges, which embraced, of course, damages resulting from the acts involved in the charge

then made. The words "drop all charges" refer to the cause of action, and not to the time when the damages accrue, and, therefore, it is not open to the interpretation, I think, that it related only to damages which had accrued at the time of execution.

Now, the second amendment tendered an issue which was wholly at variance with that presented in the original reply. The reply as first amended admitted the execution of the release and stated the intention of the parties in executing it, but the last amendment constituted only a plea of fraud in the execution of the release, which was entirely different from the defense originally set up. It became then a matter of discretion for the court to decide whether or not appellant should be allowed to file a reply which contained statements inconsistent with the former plea. The record shows that the parties had thoroughly threshed out the first reply before the court, and after the court reached a conclusion that the release, the execution of which was admitted in the reply, constituted a complete defense and could not be varied by parol, then appellant came in with its last reply, and the court refused to allow it to be filed.

I think there was no abuse of the court's discretion in refusing to permit appellant to change her position at that time, and having admitted in the execution of the release in the first reply appellant ought to have been held bound by it. The trial judge was endeavoring to narrow the issues in the case, and when it was found that by a test of the pleadings according to his conception of the law there was no issue for the jury to try, he properly refused to submit the question and rendered judgment on the record as presented.

I think he was correct in his position, and I dissent from the conclusion reached by the majority of the judges here.